UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES A. SHULER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2207 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO DISMISS

Defendant United States of America by and through undersigned counsel, hereby moves for dismissal of all claims pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Specifically, Plaintiff's Complaint is barred by the "discretionary function" exception to the Federal Tort Claims Act ("FTCA" or "the Act"), and is further barred by the "private analogue" requirement of the Act.  In support of this Motion, the Court is referred to the accompanying Memorandum of Points and Authorities and proposed Order attached hereto.

February 2, 2006                    Respectfully submitted,


   /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


   /s/ R. Craig Lawrence
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


   /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

Carol Jun
Law Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES A. SHULER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. )<br>) | Civil Action No. 05-2207 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF FEDERAL DEFENDANT'S MOTION TO DISMISS**

Plaintiff filed a civil action on November 10, 2005, alleging the common law tort of negligence under the Federal Tort Claims Act, 28 U.S.C. § 2871, et seq. ("FTCA" or "the Act"). Complaint at ¶ 26-30. As a result, Plaintiff requests Twenty Million Dollars ($20,000,000), plus interests and costs, in damages.

The Court, however, lacks subject matter jurisdictioin and Plaintiff's Complaint further fails to state a claim for which relief may be granted. Accordingly, the matter should be dismissed.

**STATEMENT OF FACTS**

According to the Complaint, Plaintiff was a confidential informant, providing assistance to the Federal Bureau of Investigation, the United States Department of Justice, the Drug Enforcement Agency, and the United States Attorney's Office for the District of Columbia ("law enforcement authorities"). Complaint at ¶ 8. Plaintiff alleges that he provided the law enforcement authorities with information regarding the activities of Kevin L. Gray in the

Summer and Fall of 1999.  Id. ¶ 16.  Kevin Gray was a notorious and extremely dangerous drug lord, who was charged, and eventually convicted of racketeering and numerous homicides in the District of Columbia.  See Indictment (Dkt. No. 3) and Judgment (Dkt. No. 2181) in United States v. Kevin L.Gray, et al., 00-CR-157 (Dkt. Nos. 3 and 2181) (Judgment is attached hereto).[1]  After an indictment was obtained against Kevin Gray, see id., Plaintiff provided the law enforcement authorities with information regarding his immediate whereabouts.  Complaint at ¶ 17.

Plaintiff alleges that, despite his specific warning not to arrest Kevin Gray right after he informed them of Mr. Gray's location, the law enforcement authorities immediately apprehended Kevin Gray at the location provided by Plaintiff.  Id.  Thus, Plaintiff asserts that his identity as an informant was exposed and Kevin Gray ordered that the Plaintiff be killed.  Id. at 18.

Approximately two weeks after the apprehension of Kevin Gray, Keith McGill allegedly shot Plaintiff in the back, causing permanent paralysis.  Complaint at ¶ 24.  Plaintiff submitted an administrative claim for damages (Standard Form 95) pursuant to the administrative requirements of the FTCA, 28 U.S.C. § 2401, on December 12, 2001.  Complaint at ¶ 3.[2]  The claim was rejected on May 11, 2005.  Complaint at ¶ 5.

---

[1] In determining whether the Complaint fails to state a claim, the Court may consider any matter of which the Court can take judicial notice.  EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997).

[2] Although Plaintiff asserts that he attached a copy of the Form 95 and the administrative denial to his Complaint, no such copies were served with the complaint upon the United States Attorney's Office, nor were any copies attached to the Complaint filed with the Court.

On November 10, 2005, Plaintiff filed the present Complaint.[3]  In his Complaint, Plaintiff alleges that the law enforcement authorities owed a duty of care to the Plaintiff to conceal his identity as an informant.  Complaint at ¶ 27.  Further, Plaintiff claims that law enforcement authorities breached that duty of care by deciding to arrest Kevin Gray immediately.[4]

## ARGUMENT

I.    STANDARD OF REVIEW

The standard to be applied in deciding a motion to dismiss is well-established.  For purposes of deciding whether a plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader.  Caudle v. Thomason, 942 F. Supp. 635, 638 (D. D.C. 1996).  Despite this generous standard, the complaint still must set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief can be granted.  Id.  A court must dismiss a complaint where, even assuming all the factual allegations are true, the plaintiff has failed to establish a right to relief based upon those facts.  Id.

In making determinations on a motion to dismiss under Rule 12(b)(6), a court must view facts alleged in the complaint in the light most favorable to the plaintiff. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nix v. Hoke, 139 F. Supp. 2d 125, 131 (D.D.C. April 2001), *citing*,

---

[3]    Plaintiff alleged in his civil complaint that he was shot by Keith McGill.  However, in his Form 95 administrative claim, Plaintiff alleged that he was shot by Frank Howard and Timothy Handy, and failed to even mention a participant named Keith McGill.

[4]    The exclusive remedy for the negligent or wrongful act or omission of any employee of the government while acting within the scope of federal employment is an action against the United States under the Federal Tort Claims Act.  See 28 U.S.C. § 2679(d); United States v. Smith, 499 U.S. 160, 163 (1991).

Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001); see also Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998).  If it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the claim must be dismissed.  Conley, 355 U.S. at 46.  In this case, Plaintiff fails to establish a right to relief on the substantive claims asserted, even when accepting the facts he alleges as true.[5]

Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) require a similar standard of review as those for failure to state a claim.  However, a plaintiff bears the burden of establishing subject matter jurisdiction.  See Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982).  A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the Complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the Complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.[6]

Applying these standards, Plaintiff's Complaint should be dismissed in its entirety.

---

[5]     Federal Defendant, of course, does not concede that the factual allegations in the Complaint are true and, in fact, would dispute many of them if this matter could survive.

[6]     It is well-established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment.  See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

II. **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PLAINTIFF'S TORT CLAIM UNDER THE DISCRETIONARY FUNCTION EXCEPTION OF THE FEDERAL TORT CLAIMS ACT.**

The United States, as a sovereign, is immune to all suits, except in accordance with the explicit terms of the statutory waiver of such immunity. Hercules v. United States, 516 U.S. 417, 422-423 (1996); Cox v. Secretary of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985); Pullen v. United States, No.CIV.A. 96-1211 (RCL), 1997 WL 350003, *2 (D.D.C. June 11, 1997). Because a waiver of sovereign immunity must be strictly construed in favor of the sovereign, a waiver of sovereign immunity "is to be read no more broadly than its terms require." Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 712 (D.C.Cir. 1997). Additionally, "any ambiguities in the statutory text must be resolved in favor of immunity." United States v. Williams, 514 U.S. 527, 531 (1995). For example, to sustain a claim for monetary damages against the United States, the waiver of sovereign immunity "must extend unambiguously to such monetary claims." Flatow v. Islamic Republic of Iran, 74 F.Supp.2d 18, 20-21 (D.D.C. 1999) (*quoting* United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992)); see also, Bienvenuti v. Dep't of Defense, 587 F.Supp. 348, 351-352 (1984). In short, sovereign immunity operates as a jurisdictional bar to suit without an otherwise explicit waiver of such immunity by the United States. See, Flatow, 74 F.Supp.2d at 21.

The Federal Tort Claims Act operates as a limited waiver of sovereign immunity allowing, at least for certain claims and under specific circumstances, the United States to be sued for torts "in the same manner and to the same extent as a private individual under like

circumstances." 28 U.S.C. § 2674; see also, Eagle-Picher Industries, Inc. v. U.S., 937 F.2d 625, 627-628 (D.C. Cir. 1991). One exception to the limited waiver of sovereign immunity is the discretionary function exception. Under this exception, the United States cannot be held liable for:

> [a]ny claim... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The "discretionary function" exception has two basic elements. First, the exception applies to acts that involve an element of judgment or choice. See, Sloan v. U.S. Dept. of Housing and Urban Development, 236 F.3d 756, 759 (D.C. Cir. 2001) (*quoting* United States v. Gaubert, 499 U.S. 315, 322 (1991)). In other words, the conduct does not involve mandatory compliance with a particular federal statute, regulation or policy. Id. Second, assuming that an element of judgment is involved, it then must be determined whether the judgment is of a kind that the discretionary function exception is designed to protect, namely a government action based upon considerations of public policy. See, U.S. v. Varig Airlines, 467 U.S. 797, 813 (1984); Berkovitz v. U.S., 486 U.S. 531, 536 (1988); Sloan, 236 F.3d at 760. When established government policy, as expressed or implied by statute, allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy. Gaubert, 499 U.S. at 323. Such acts are encompassed by the discretionary function exception even, as noted above, where such discretion has been abused. See, 28 U.S.C. § 2680(b). The discretionary function exception operates to protect the Government from liability that would, "seriously handicap

efficient government operations." Varig Airlines, 467 U.S. at 814 (*quoting* United States v. Muniz, 374 U.S. 150, 163 (1963)). In short, where the Government may establish that the act involved a judgment based upon an action the exception is designed to protect, the discretionary function exception applies, and the district court lacks subject matter jurisdiction. See 28 U.S.C. § 2680(a); Sloan v. U.S. Dept. of Housing and Urban Development, 236 F.3d 756, 759 (D.C. Cir. 2001).

Decisions how to investigate or prosecute a matter by law enforcement officials are discretionary functions that fall within the exception. See Gray v. Bell, 712 F.2d 490, 514 (D.C. Cir. 1983), cert. denied, 465 U.S. 1100 (1984); Kelly v. United States, 924 F.2d 355, 362 (1st Cir. 1992). In Gray, the former acting director of the Federal Bureau of Investigation sought damages arising out of a federal grand jury investigation which resulted in his indictment for conspiracy to violate rights of certain citizens. Gray, 712 F.2d at 492-93. The Circuit Court rejected the complainant's claim, holding that "the federal government's decisions concerning enforcement of its criminal statutes comprise a part of its pursuit of national policy." Id. at 514 (*quoting* Smith v. United States, 375 F.2d 243, 246-47 (5th Cir.), cert. denied, 389 U.S. 841 (1967). Thus, "[p]rosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law," and are immune under the discretionary function exception. Id. 513.

More recently, the 11th Circuit Court of Appeals held that the discretionary function exception barred an FTCA claim very similar to Plaintiff's here. In Ochran v. United States, the complainant alleged that the law enforcement officials were negligent when they failed to protect her after she informed the officials of threats made against her. Ochran v. United States, 117

F.3d 495, 498 (11th Cir. 1997). Ochran provided information to a narcotics task force regarding her boyfriend's activities in narcotics trafficking. Id. After his arrest, the boyfriend called Ochran and threatened to kill her and her family. Id. After the complainant informed the officials of the threat, no efforts were made to revoke the boyfriend's bond or otherwise protect Ochran, other than to inform the boyfriend and his attorney that such threats would not be tolerated, and to obtain the boyfriend's assurances that it would not happen again. Id. at 498-99. One month later, the boyfriend kidnaped Ochran at knifepoint from her home, drove her to a remote area, and choked and stabbed her repeatedly. Id. at 499. After exhausting her administrative remedies, Ochran filed a civil action pursuant to the FTCA alleging that the law enforcement officials negligently failed to protect her. Id. The 11th Circuit Court held that the law enforcement official's decision as to how to protect a victim and how to react against the threatening individual are well-within the discretionary function exception and claims based upon those theories of liability are barred. Id. at 501.[7] The Court went on to make the requisite finding that the law enforcement official's decision as to how to protect a victim threatened by a suspected offender was indeed susceptible to policy analysis, balancing "the victim's need for protection in light of the severity and credibility of the threat, the allocation of limited government resources, and the government's dealings with the suspected offender, such as a plea negotiation or cooperation of the suspected offender with law enforcement agencies." Id. The

---

[7] The Court did hold that the official's decision not to inform Ochran of the remedies available against victim intimidation and harassment was not protected and remanded that issue back to the district court. Id. at 502. That holding, however, is not at issue here, since Plaintiff in the present matter was still working as an informant for the government, and no allegation has been made by Plaintiff regarding any victim intimidation or harassment which would otherwise create a duty to inform him of the remedies available..

court further deemed susceptible of policy analysis the official's decisions whether to have (a) considered Ochran for the Witness Security Program; (b) told the arraignment judge about the threat or asked that the boyfriend's bond be revoked; and (c) sought a restraining order against the boyfriend.  Id. (*citing* Piechowicz v. United States, 885 F.2d 1207, 1212-13 (4th Cir. 1989) (statutory provisions and Attorney General guidance for considering a witness for the Witness Security Program afford Justice Department personnel wide discretion "freighted with policy overtones"); Bergmann v. United States, 689 F.2d 789, 793 (8th Cir. 1982) ("[d]etermining whether protection of the witness is advantageous to the federal interest rather obviously calls for a policy decision of the discretionary kind"); and Smith v. United States, 375 F.2d 243, 248 (5th Cir. 1967) ("prosecutorial discretion has long been recognized as sacrosanct")).

     Nor is the discretionary function limited solely to the acts of the Assistant United States Attorney.  In Piechowicz v. United States, the Fourth Circuit Court recognized that the "agents supervising a case," including FBI agents, are granted "considerable latitude to decide whether and how to protect witnesses."  885 F.2d at 1212.  Thus, the Court held that "the decision whether to offer the [witness] federal protection was left to [the agents'] discretion" and any claim with respect to that decision was barred by the discretionary function exception.  Id. at 1213.

     Plaintiff's claims regarding negligence by law enforcement authorities fall within the types of actions contemplated by the discretionary function exception.  Despite any general assurances given to Plaintiff, the law enforcement authorities acted on behalf of the government, in order to apprehend a criminal, who was an extreme danger to the community.  In addition, Plaintiff acknowledges in his Complaint that he was aware of the dangers in cooperating with the

government and providing information regarding Kevin Gray. Complaint at ¶¶ 10, 17. Moreover, Plaintiff admits that at the time Plaintiff was shot, the law enforcement officials were unaware that Plaintiff's cooperation was discovered. Id. at 19. In any event, no other law enforcement decision, such as when to arrest a violent and dangerous person who may kill again if not arrested immediately, is more grounded within the discretion of government and police officials, and is an integral part of the police function. Accordingly, the government's actions fall within the discretionary function exception, and Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

### III.     PLAINTIFF'S TORT CLAIM MUST BE DISMISSED DUE TO THE LACK OF PRIVATE ANALOGUE.

Under the Federal Torts Claim Act the United States shall be liable, "... in the same manner and to the same extent as a private individual under like circumstances..." 28 U.S.C. §2674. This limitation upon the waiver of sovereign immunity only extends to the United States if a "*if a private person*, would be liable to claimant..." 28 U.S.C. § 1346(b)(1) (emphasis added). Even where the alleged liability is for the negligent performance of "uniquely governmental functions," the FTCA requires a court to look to the state-law liability of private entities, not to that of public entities, when assessing the government's liability. Rayonier, Inc. v. United States, 352 U.S. 315, 318-19 (1957); Indian Towing Co. v. United States, 350 U.S. 61, 64 (1955).

Very recently, the Supreme Court re-emphasized the FTCA requirement that a court must look solely to state law liability of private entities, and not public entities. United States v. Olson, __ U.S. __, 126 S.Ct. 510, 512 (2005). In Olson, two injured mine workers sued the United States under the FTCA alleging negligence by federal mine inspectors which resulted in a

10

serious accident in an Arizona mine. Id. at 512. The Ninth Circuit Court overturned the district court's dismissal of the claim, holding that the United States could be held liable in the same manner as a state or municipal entity under the law where the activity occurred. Id. The Supreme Court reversed, interpreting the words of the FTCA "to mean what they say, namely, that the United States waives sovereign immunity 'under circumstances' where local law would make a '*private person*' liable in tort." Id. at 511 (emphasis in original). In short, where there is no private analogue under state law that would support liability, there is no basis for waiver of sovereign immunity under the FTCA. See e.g., Green Acres Enterprises, Inc. v. U.S., 418 F.3d 852 (8th Cir. 2005) (Because the Army Corps of Engineers alone has the authority to enforce the Clean Water Act and to make permit decisions, there is no private analogue for trespass and nuisance claims under Missouri law for one who allegedly wrongfully determines that certain proposed excavation projects are subject to the Clean Water Act).

     In this case, no private analogue exists under local law. Private businesses or associations analogous to law enforcement agencies such as the Federal Bureau of Investigations and the Drug Enforcement Agency simply do not exist. The facts of the case support that there is no analogous negligent situation in the private realm. Even with respect to private security companies or bodyguards, procedures such as plea bargains, criminal investigations, witness protection programs, and undercover operations, such as offender cooperation and buying narcotics, are unique to government law enforcement functions. The operations and executions of criminal investigations by law enforcement authorities cannot be analogized to a similarly situated private party or parties. As a result, analysis of state and local law imposing liability is impossible, since there is no private comparison. Therefore, there is no basis for waiver of sovereign immunity.

IV. **TO THE EXTENT THAT PLAINTIFF'S COMPLAINT ASSERTS A CLAIM BASED UPON A MISREPRESENTATION BY THE LAW ENFORCEMENT OFFICIALS, THAT CLAIM IS BARRED.**

Read broadly, Plaintiff's civil claim asserts a second, separate theory of liability against the government: That the government tortfeasors made misrepresentations to Shuler regarding their intended efforts to ensure his personal safety, misrepresentations upon which he detrimentally relied in carrying out his investigatory responsibilities. Complaint at ¶¶ 11-14. Even assuming that the law enforcement officials made false statements to Plaintiff regarding plans to safeguard his safety, a court would lack subject matter jurisdiction over a claim against the government sounding in misrepresentation arising from those statements. The FTCA specifies classes of actions for which the United States has not waived sovereign immunity under the FTCA, and accordingly, over which federal courts do not have jurisdiction. Section 2680(h) explicitly withholds a waiver of sovereign immunity for claims "arising out of . . . misrepresentation." Section 2680(h). If the conduct alleged to be tortious falls within the 2680(h) exceptions, the court lacks subject matter jurisdiction over the action. Dalehite v. United States, 346 U.S. 15, 24 (1953); Jablonski v. United States, 712 F.2d 391, 395 (9th Cir. 1983); Boda v. United States, 698 F.2d 1174, 1176 (11th Cir. 1983); Gibson v. United States, 457 F.2d 1391, 1392 n.1 (3rd Cir. 1972); Konecny v. United States, 388 F.2d 59, 62 (8th Cir. 1967).

The "arising out of" language is broadly construed; the pertinent question is whether the plaintiff's claim is "within the words and reason of the exception." Kosak v. United States, 465 U.S. 848, 853 n.9 (1984). See also United States v. Shearer, 473 U.S. 52 (1985). If the claim is essentially based on a misrepresentation by a government employee, the claim is jurisdictionally barred despite artful pleading designed to avoid "the magic words." Art Metal-U.S.A. v. United

States, 753 F.2d 1151 (D.C. Cir. 1985) (government contractor's claim for injurious falsehood barred by 28 U.S.C. § 2680(h) as claim arising out of libel or slander, a parallel class of actions barred under section 2680(h)). See also United States v. Neustadt, 366 U.S. 696, 703 (1961) (court must look beyond literal meaning of language to ascertain the real cause of the complaint); Leaf v. United States, 661 F.2d 740, 742 (9th Cir. 1981) (misrepresentation exception applies "however deftly [plaintiffs] have avoided using the word"), cert. denied, 456 U.S. 960 (1982); Preston v. United States, 596 F.2d 232, 237-38 (7th Cir.), cert. denied, 444 U.S. 915 (1979) (pleadings "may be calculated to avoid the misrepresentation exception, but the Courts have consistently looked behind the plaintiffs' characterization").  On these bases, Plaintiff's "false promises" claim would be subject to dismissal as a matter of law under Fed. R. Civ. P. 12(b)(1) .

V.     **THE FACTS ASSERTED IN PLAINTIFF'S COMPLAINT EXTEND BEYOND THE SCOPE OF THE FTCA, BECAUSE THEY WERE NOT RAISED BELOW AT THE ADMINISTRATIVE LEVEL.**

Pursuant to 28 U.S.C. § 2675(a), a claimant must first file an administrative claim with the appropriate federal agency before bringing a suit in federal court.  28 U.S.C. §2675(a).  A claimant must further provide the agency with notice of an FTCA claim with a Standard Form 95 or a "'written notification of an incident, accompanied by a claim for money damages in a sum certain....'"  GAF Corporation v. United States, 818 F.2d 901, 920 (D.C. Cir. 1987) (*quoting* 28 C.F.R. §14.2(a)).  As one court describes:

> Standard Form 95 resembles a civil complaint in not requiring a statement of legal theories, but differs in requiring a detailed statement of facts. It is in this respect more demanding, more "formal" if you will, than the civil rules-a throwback, perhaps, to the era of "fact pleading" that preceded the adoption of those rules. But as no statement of legal theories is required, only facts plus a demand for money, the claim encompasses any cause of action fairly implicit in the facts.

13

Murrey v. United States, 73 F.3d 1448, 1452 (7th Cir. 1996).

Within a Standard Form 95, a claimant must plead pertinent facts in order to provide notice to an agency to enable investigation.  See Palay v. United States, 349 F.3d 418, 425 (7th Cir. 2003); Murrey, 73 F.3d at 1452.  "[I]f the claim would have been apparent to a 'legally sophisticated reader' of the form, then we will charge the agency with notice of that claim and deem it to have been exhausted."  Palay, 349 F.3d at 426.  Failure to narrate facts from which a legally trained reader would infer a claim will bar jurisdiction.  Bush v. United States, 703 F.2d 491, 495 (11th Cir. 1983).

In the present matter, Plaintiff failed to allege certain material facts that he now alleges in his civil Complaint.  Specifically, Plaintiff's now alleges, for the first time, that he warned law enforcement authorities not to immediately detain Mr. Gray.  Complaint at ¶ 17.  Plaintiff further added that he had a justifiable expectation of protection based upon him providing confidential information.  Complaint at ¶ 23.  However, these pertinent facts were not alleged in Standard Form 95, and were critical for the investigation below.  Indeed, the facts alleged in the Complaint substantially alter the theory of liability beyond that which the agency was on notice that it should, or could, investigate during the administrative phase.  Because the United States was not previously informed of its potential liability on the alleged express promise not to apprehend Gray, Plaintiff's civil action exceeds the scope of his administrative FTCA claim.  Accordingly, Plaintiff has failed to exhaust his administrative remedies, and the Complaint should be dismissed.

**CONCLUSION**

Wherefore, for all of the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,


  /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


  /s/ R. Craig Lawrence
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

Carol Jun
Law Clerk