# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    V.

Kevin L. Gray

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 00-157-1

Francis D. Carter
Defendant's Attorney

# FILED

MAY 1 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Was found guilty by jury trial on Count(s) 2 thru 14, 21 thru 27, 30 thru 36, 39 thru 44, 58 thru 66, 72 thru 78, 80 thru 82, 89 thru 92, 96, 97, 101, 103 108, 110, , 113 thru 118, 120 thru 122, 124, 126, 128, 129 and 131 on 1/9/03 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 21USC848(a)&(b) | Continuing Criminal Enterprise | 11/00 | 2 |
| 18USC1963 & 1962(d) | RICO Conspiracy | 11/00 | 3 |
| 22DCC2401,3202 & 105 | First Degree Murder While Armed, Aiding&Abetting | 11/00 | 4,6,8,10,12,13 21,23,25,26,30 32,34,43,58,60 62,64,72 & 74 |

As pronounced on 3/9/05, the defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the __11th__ day of ___May___, 2005.

The Honorable Royce C. Lamberth, USDJ

Defendant's Soc. Sec. No.: XXX-XX-9448
Defendant's Date of Birth: XX-XX-71
Defendant's USM No.: 28479-037 & 16850-016
Defendant's Residence and Mailing Address:

Defendant: Kevin L. Gray

Judgment - Page 1A

Case Number: CR00-157-1

CONTINUATION PAGE

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 21USC848(e)(1)(A)&2 | Continuing Criminal Enterprise (Murder),Aiding & Abetting | 11/00 | 5,7,9,11 14,22,24,27, 31,35,59,63 |
| 18USC1959(a)(1) | Violent Crime(Murder) in Aid of Racketeering | 11/00 | 33,44,61 65,73,75 |
| 18USC1512(a)(11)© | Tampering With a Witness or Informant by Killing | 11/00 | 36 & 66 |
| 22DCC503&3202 | Assault With Intent to Commit Murder While Armed & Aiding & Abetting | 11/00 | 39&41 |
| 18USC1959(a)(1) | Violent Crime(Attempted Murder) in Aid of Racketeering | 11/00 | 40&42 |
| 18USC924(c)(1)(A)(iii | Use of Firearm | 11/00 | 76 |
| 18USC924(c)(1)(C)(I) | Use of Firearm | 11/00 | 77,78,80,81 82,89,90,91 92,96, 97 |
| 21USC841(a)(1)&(b) (1)(A)&18USC2 | Distribution of Cocaine Base, Aiding & Abetting | 11/00 | 101 |
| 21USC841(a)(1)&(b) (1)(B)&18USC2 | Distribution of Cocaine Base,Aiding & Abetting | 11/00 | 103 |
| 21USC841(a)(1)&(b) (1)(A)&18USC2 | Unlawful Possession With Intent to Distibute Cocaine Base,Aiding & Abetting | 11/00 | 108 |

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 21USC841(a)(1)&(b)(1)(C)&18USC2 | Unlawful Possession With Intent to Distribute Heroin & Aiding & Abetting | 11/00 | 110 |
| 21USC843 | Unlawful Use of a Communication Facility | 11/00 | 113,114,115, 116,117,118, 120,121,122, 124,126,128, 129,131 |

Defendant: Kevin L. Gray                                                                      Judgment - Page 2 of 4
Case Number: 00-157-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of LIFE as to each of Counts 2,3,5,7,9,11,14,22,24,27,31,33,35,36,40,42,44,59,61,63,65,66,73,75,101 and 108; THIRTY(30)YEARS to LIFE as to each of Counts 4,6,8,10,12,13,21,23,25,26,30,32,34,39,41,43,58,60,62,64,72 & 74; FOUR HUNDRED EIGHTY(480) MONTHS as to Count 103; TWO HUNDRED FORTY(240) MONTHS as to Count 110; FORTY-EIGHT(48) MONTHS as to each of Counts 113,114,115,116,117,118,120,121,122,124,126,128,129 and 131; These terms of imprisonment are imposed concurrently; TEN(10) YEARS as to Count 76; TWENTY-FIVE(25) years as to each of Counts 77,78,80,81,82,89,90,91,92,96,and 97; Count 76 is imposed consecutive to Counts 2 thru 44, Counts 58 thru 66, Counts 72 thru75, 101,103,108,110; Count 77 consecutive to 76; Count 78 consecutive to 77; 80 consecutive to 78; Count 81 consecutive to 80; Count 82 consecutive to 81; Count 89 consecutive to 82; Count 90 consecutive to 89; Count 91 consecutive to 90; Count 92 consecutive to 91; Count 96 consecutive to 92; Count 97 consecutive to 96.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
        Deputy Marshal

Defendant: Kevin L. Gray                                    Judgment - Page 3 of 4
Case Number: 00-157-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE(5) YEARS on each of Counts
2,3,5,7,9,11,14,22,24,27,31,33,35,36,40,42,44,59,61,63,65,66,73,75,76,77,78,80,81,82,89,90,91,92,96,97,101,103, and 108; THREE(3) YEARS as to Count 110; ONE(1) YEAR as to each of Counts 113 through 118, 120,121,122,124,126,128,129 and 131; the terms of supervised release shall be served concurrently..

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.      The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.
If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1.      You will not leave the judicial district without permission of the Court or probation officer.
2.      You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3.      You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4.      You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5.      You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6.      You will notify the probation officer at least ten days prior to any change of residence or employment.
7.      You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8.      You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9.      You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10.     You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11.     You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12.     As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13.     You will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:

1.  The defendant shall have no direct or indirect contact with any of the surviving victims, their families or the families of deceased victims, via telephone, written correspondence, or third-party means for any reason.
2.  The defendant shall pay the balance of the fine at a rate of no less than $100 each month and provide Verification of payments to the Probation Office.
3.  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.
4.  The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and any other business or financial information in which he has a control or interest.
5.  The defendant shall participate in, and successfully complete, a residential and/or out-patient substance abuse treatment program, which may include drug testing and detoxification service, as approved and directed by the Probation Office.
6.  The defendant shall resolve all outstanding warrants within 60 days of the commencement of

Defendant: Kevin L. Gray

Judgment - Page 4 of 5

Case Number: 00-157-1

supervision.

The Probation Office shall release the PSI report to all appropriate agencies in order to execute the sentence of the Court.  Treatment agencies shall return the PSI report to the Probation Office upon the defendant's completion of, or termination from treatment.

Defendant: Kevin L. Gray

Case Number: 00-157-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $7,000.00 | $0.00 | $130,000.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $4,800.00 as follows: $50 for each of Counts 5,7,9,11,14,22,24,27,31,76,77 & 101; $100 for each of Counts 2,3,33,35,36,40,42,44,59,61,63,65,66,73,75,78,80,81,82,89,90,91,92,96,97,103,108,113 thru 118,120,121,122,124,126,128,129 & 131; 4,6,8,10,12,13,21,23,25,26,30,32,34,43,58,, which shall be due immediately. The defendant shall pay a $100 assessment fee for each conviction that violated the D.C. Criminal Code for a total of $2,200. (The total amount of special assessment for all counts is $7,000.)

### FINE

The defendant shall pay a fine in the total amount of $130,000.00 as to Count 2. The interest requirement for the fine is waived by the Court.

The fine payment is due immediately.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.