## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHARLES A. SHULER** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No.  05-2207 (RMU)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, by and through undersigned counsel, hereby respectfully submits his Opposition to Defendant's Motion to Dismiss and further states:

(1)     Plaintiff has alleged a viable cause of action under the Federal Tort Claims Act (hereinafter "FTCA").  It has long been held, that when an informant collaborates with the "State" in the arrest of or prosecution of criminals and it reasonably appears that the informant is in danger due to this collaboration, the "State" has an affirmative duty to protect said informant.  Defendant breached this duty of care which caused catastrophic injuries to Plaintiff.

(2)     Defendant's claim that the discretionary function exception bars Plaintiff's Complaint lacks foundation.  Interestingly, Defendant relies on irrelevant case law discussing the general proposition that the decisions on how to investigate and/or prosecute a matter by law enforcement officials are discretionary functions that fall within the discretionary function exception.  These

1

cases are clearly distinguishable.  Notably, Plaintiff is not bringing a malicious prosecution claim.  Plaintiff has put forth a viable claim arising from the Defendant's negligent failure to protect Plaintiff from a state created danger.  <u>The widespread rule provides that the Defendant is liable under the FTCA for its negligent failure to protect confidential informants from state created danger</u>.  The Defendant's Motion fails to discuss the controlling legal precedent, and thus, lacks persuasion.

In further support of his Motion, the Plaintiff respectfully refers the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC

By:    _____/s/_____
Patrick M. Regan            No. 336107
Paul J. Cornoni             No. 489398
1919 M Street, NW, Suite 350
Washington, D.C.  20036
PH:  (202) 463-3030

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss, Memorandum of Points and Authorities in support thereof and proposed Order was electronically filed and mailed, postage prepaid, this 13th day of March, 2006, to:

> Darrell C. Valdez
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th Street, N.W., Civil Division
> Washington, D.C. 20530

_____/s/_____
Patrick M. Regan

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CHARLES A. SHULER** | : |
| **Plaintiff,** | : |
| **v.** | : **Civil Action No. 05-2207 (RMU)** |
| **UNITED STATES OF AMERICA,** | : |
| **Defendant.** | : |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, by and through undersigned counsel, hereby submits this Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss. In support thereof, the Plaintiff respectfully states as follows:

## SUMMARY OF ARGUMENT

Plaintiff has alleged a viable cause of action under the FTCA. The widespread rule provides that the Defendant is liable under the FTCA for its negligent failure to protect confidential informants from state created danger. The Defendant's Motion fails to discuss the controlling legal precedent surrounding this rule.

In its Motion to Dismiss, the Defendant advances four baseless grounds for dismissal. First, Defendant summarily concludes that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction under the FTCA pursuant to the

4

discretionary function exception. (Deft.'s Mtn. at 5)    Second, Defendant erroneously contends that Plaintiff's Complaint must be dismissed due to lack of a private analogue. (Deft.'s Mtn. at p. 10)  Third, Defendant incorrectly argues that Plaintiff's claim is solely based upon misrepresentation, and thus, is barred under the FTCA. (Deft.'s Mtn at p. 12)  Finally, Defendant argues that the facts asserted in Plaintiff's Complaint extend beyond the scope of the FTCA since certain facts were not raised below at the administrative level. (Deft.'s Mtn. at p. 13)  These arguments lack merit.

Defendant's claim that the discretionary function exception bars Plaintiff's Complaint is incorrect.   Interestingly, Defendant relies on irrelevant case law discussing the general proposition that the decisions on how to investigate and/or prosecute a matter by law enforcement officials are discretionary functions that fall within the discretionary function exception.    These cases are clearly distinguishable.  Notably, Plaintiff is not bringing a malicious prosecution claim. Plaintiff has put forth a viable claim arising from the Defendant's negligent failure to protect Plaintiff from a state created danger.  The widespread rule provides that the Defendant is liable under the FTCA for its negligent failure to protect confidential informants from state created danger.   Further, Defendant's alternative arguments for dismissal are void of any factual basis and should be summarily disregarded by this Court.

## FACTS

On or about December 12, 2001, Plaintiff filed a Standard Form 95 Claim with the United States c/o the Office of General Counsel, Federal Bureau of Investigation ("FBI"), the United Stated Department of Justice ("DOJ"), the Drug Enforcement Administration ("DEA"), and the United States Attorney's Office for the District of Columbia ("DC District Attorney's Office") (Complaint ¶ 3, attached as Exhibit A). The DOJ, Civil Division elected to retain responsibility for the claim. On May 11, 2005 the DOJ denied Plaintiff's claim and Plaintiff subsequently filed suit under the FTCA. (Complaint ¶ 5).

During the summer and fall of 1999, Plaintiff Shuler was engaged in providing assistance to employees and agents of Defendant's law enforcement authorities, including the FBI, DOJ, DEA and the DC District Attorney's Office, with respect to certain criminal investigations and operations, including investigations into the activities of a reputed drug-trafficking boss, Mr. Kevin L. Gray. At the time Plaintiff acted as a confidential informant for the government as part of a plea bargain. (Complaint ¶ 9). It was crucial to the Plaintiff's safety that his status as an informant remain secret.

As part of his work as an informant for the law enforcement authorities, Plaintiff reported the whereabouts of Mr. Gray to the FBI. (Complaint ¶ 17). At the time, Plaintiff was the only person who had knowledge of Mr. Gray's whereabouts and therefore, Plaintiff warned the FBI that immediate apprehension of Mr. Gray would disclose Plaintiff's status as a government informant to Mr.

Gray. Id.  Despite Plaintiff's warning, the FBI apprehended Mr. Gray, thereby specifically creating a danger of harm to the Plaintiff. Id.

Shortly after Mr. Gray was arrested, upon information and belief, Mr. Gray ordered Plaintiff be killed in retaliation.  (Complaint ¶ 18).  Despite Plaintiff's warnings to the FBI that he was now in serious danger, and that his status as a government informant was now known to Mr. Gray, FBI agent Mr. Kyle Fulmer ordered Plaintiff to assist the FBI in apprehending Mr. Gray's top "lieutenants" as well.  Plaintiff initially refused until Agent Fulmer affirmatively reassured Plaintiff that his identity was an informant was confidential and that the United States Government, including the FBI, would protect the Plaintiff. (Complaint ¶ 19).  Based on these assurances, Plaintiff attempted to arrange for illegal narcotic exchanges with the "lieutenants," however, these lieutenants refused. (Complaint ¶ 20).  For example, one 'lieutenant" would only make the exchange after Plaintiff proved he was not wearing a wire, and another refused to speak with Plaintiff. (Complaint ¶ 21).

Plaintiff justifiably relied on the assurances of the law enforcement authorities that they would keep his identity confidential, and that they would keep him safe even if his identity did not remain confidential, and that they would protect him against the targets of their investigations and/or the inherent dangers created by the Defendant. (Complaint ¶ 11).  However, there assurances were false.  Despite the obvious dangers to Plaintiff, created by the Defendant in allowing his status as an informant to become known, and despite Plaintiff's

specific requests for protection, the FBI continued to force and/or affirmatively encourage and persuade the Plaintiff to continue acting as an informant. (Complaint ¶ 22). Moreover, Defendant failed to provide any sort of protection to Plaintiff from the state created danger.

On December 15, 1999, on or about two weeks after the FBI apprehended Mr. Gray, Plaintiff was shot in the back at or near 1456 Smith Place, SE, Washington DC, while working on behalf of the FBI. Upon information and belief, the shooter is believed to have been Mr. McGill, acting on orders of Mr. Gray. As a result of the shooting, Plaintiff is permanently paralyzed.

When Plaintiff was shot, he was actively working on behalf of the FBI and Agent Fulmer. There was direct and continuing contact between the Plaintiff and a government agency and/or official and thus the government owed Plaintiff a duty of protection. As a direct result of the negligence, gross negligence recklessness, and/or willing or wanton conduct of the government, the identity of the Plaintiff as an informant was exposed to others, including Mr. Gray and his reputed accomplices. Thus the government created and increased the danger specifically to the Plaintiff, then failed to protect the Plaintiff from that danger despite its promises of confidentiality, safety and protection.

## LEGAL STANDARD

The Federal Rules of Civil Procedure establish a "liberal system of 'notice pleading'" requiring "only a 'short plain statement of the claim showing that the

pleader is entitled to relief.'" See e.g., Leatherman v. Tarrant County, 507 U.S.
163, 168 (1993) (citations omitted).

In the instant case, all of the factual predicates necessary to sustain the
Complaint are before this Court, either explicitly or by reasonable inference. For
the purposes of a Rule 12(b)(6) motion, allegations alone are sufficient for the
purposes of carrying the Plaintiff's burden on a disputed point. See, e.g., Madanes
v. Madanes, 981 F.Supp. 241 (S.D.N.Y. 1997) (denying defendant's motion to
dismiss because of presence of requisite fraud allegations, and observing that "[a]t
this stage, nothing more is required").

Thus, the Court should deny Defendant's motion pursuant to Rule 12(b),
doing so is only a matter of fundamental fairness and is consistent with the sound
administration of justice. Indeed, as is widely acknowledged:

> [**T**]**he court should be especially reluctant to dismiss on the basis
> of the pleadings** when the asserted theory of liability is novel or
> extreme, since it is important that new legal theories be explored and
> assayed in the light of actual facts, rather than the pleader's
> suppositions. In any event, the Motion for Summary Judgment
> provides a more expeditious and effective procedure for quickly
> terminating an action that does not appear to entitle the plaintiff to
> relief on its substantive merits.

5A Charles Alan Wright, et al., Federal Practice & Procedure § 1357, at 343-44
(emphasis added).

## I.   PLAINTIFF'S CAUSE OF ACTION IS NOT BARRED BY THE DISCRETIONARY FUNCTION EXCEPTION

### A.   Discretionary Function Exception

The FTCA contains numerous exceptions from its provisions. <u>See</u> 28 U.S.C. § 2680 (2002). One of these exceptions, commonly known as the discretionary function exception, states that

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care…based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be abused.

<u>See</u> 28 U.S.C. § 2680(a). The Supreme Court has interpreted this exception in <u>United States v. S.A. Emptesa de Viacao Aerea Rio Grandense ("Varig Airlines")</u>, 467 U.S. 797, 808 (1984), by saying the exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals. <u>Id.</u> at 808. The purpose of the exception was to avoid having the Courts second guess the policy choices that government officials make when evaluating the proper balance between their duties and the economic, social, and political factors. <u>See</u> <u>Cope v. Scott</u>, 45 F.3d 445, 448 (D.C.Cir. 1995) (citing <u>Varig Airlines</u>, 467 U.S. at 814).

Additionally, the Supreme Court created a two-part test for determining whether the discretionary function exception applies to a specific case. First the court must determine if there exits a statute, regulation, directive or policy that mandates a course of action. <u>See</u> <u>Cope</u>, 45 F.3d at 448; <u>Gaubert v. United States</u>, 499 U.S. 315, 322 (1991); <u>Berkovitz v. United States</u>, 486 U.S. 531, 536 (1988).

If a "federal statute, regulation or policy specifically describes a course of action for an employee to follow because the employee has no rightful option but to adhere to the directive," the conduct *does not* involve the element of judgment or choice and therefore is not discretionary. <u>Gaubert</u>, 499 U.S. at 322, <u>Berkovitz</u>, 486 U.S. at 536.

If there is no specific statute directing the actions of the employee, the court must then make a determination as to whether judgment was properly grounded in social, economic, or political policy, such that it was intended by Congress to be shielded from the FTCA. <u>See</u> <u>Cope</u>, 45 F.3d at 448; <u>Gaubert</u>, 499 U.S. at 322-23.

> [D]ecisions that involve judgment grounded in these considerations fall within the exception. In making this determination, [the court does] not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting. [The court] 'focus[es] on the nature of the actions taken and on whether they are susceptible to policy analysis. <u>Ochran v. United States</u>, 117 F.3d 495, 500 (11th Cir. 1997) (quoting <u>Gaubert</u>, 499 U.S. at 325).

However, the discretionary function exception does not automatically protect all regulatory functions of the Government. The Government can be held responsible for any negligent execution of admittedly discretionary policy judgments where the decisions required for the execution did not themselves involved the balancing of public policy factors. <u>See</u> <u>Appleton v. United States</u>, 69 F.Supp. 2d 83, 92 (D.D.C. 1999). Furthermore, the "discretionary function exception does not apply if an employee violates mandatory regulations." <u>Id.</u>

**B.    <u>Legal Analysis</u>**

Defendant's argument concerning the discretionary function ignores the pertinent legal precedent. <u>Most importantly, there are numerous cases in which the government was held liable under the FTCA for injuries to informants by private persons</u>. The general rule states:

> "**if a state puts a man in a position of danger from private persons and then fails to protect him, it will not be heard to say that its role was merely passive; it is as much an active tortfeasor as if it had thrown him into a snake pit**." <u>Bowers v. DeVito</u>, 686 F.2d 616, 618 (7th Cir. 1982)(emphasis added); <u>Kallstrom v. City of Columbus</u>, 136 F.3d 1055, 1066 (6th Cir. 1998); <u>Citizen's Accord Inc. v. The Town of Rochester</u>, 2000 WL 504132 *20 (N.D.N.Y. 2000).

It has long been held, that when an informant collaborates with the State in the arrest of or prosecution of criminals and it reasonably appears that the informant is in danger due to his collaboration, the State has an affirmative duty to protect said informant. <u>See</u> <u>Schuster v. City of New York</u>, 154 N.E.2d 534 (N.Y. 1958).

In <u>McIntyre v. United States</u>, 367 F.3d 38 (1st Cir. 2004), the court recognized the special duty the government has to confidential informants who may be endangered if their status as an informant were revealed to others, "particularly those whose activities are the subject of the informant's disclosures." <u>Id.</u> at 54; <u>see</u> <u>also</u>, <u>Leonhard v. United States</u>, 633 F.2d 599, 614 (2d Cir. 1980)("the procurement of testimony against alleged member of organized crime will normally require appropriate protection of both the informant and his family."); <u>Citizen's Accord. Inc. v. The Town of Rochester</u>, 2000 WL 504132

(N.D.N.Y 2000)(stating in special relationship cases that the duty must arise from affirmative duties of care and protection by state actors with respect to *particular individuals* and not the public at large); Velez-Diaz v. Vega-Irizarry, et al., 421 F.3d 71 (1st Cir. 2005) (stating that when a state has a special relationship with a private person or creates a danger specific to that person, a duty arises on behalf of the state); Williamson v. City of Virginia Beach, 786 F. Supp. 1238 (E.D.Va. 1992); Restatement (Second) of Torts § 315 ("there is no duty so to control the conduct of a third person as to prevent him from harm to another **unless …(b) a special relation exists between the actor and the other which owes to the other a right of** protection."). Further, the state-created danger theory "comes into play where a state actor created the danger or increases the victim's vulnerability to the danger." Citizen's Accord Inc. at *20.

In the instant case there was a special relationship between the Plaintiff and the government that created a specific duty to protect Plaintiff. The court in Swader v. Commonwealth of Virginia, 743 F.Supp. 434 (E.D.Va. 1990), recognized three factors to be considered when determining whether a special relationship or "other" relationship existed between the plaintiff/victim and the relevant law enforcement official. Id. at 439. These factors include: (1) whether the victim was in legal custody at the time or had been in legal custody prior to the incident; (2) whether the State has expressly stated a desire to provide affirmative protection to specific individuals; and (3) whether the State knew of the danger or threats against the plaintiff/victim. Id. at 439-40.

Here, Plaintiff had been in legal custody immediately prior to agreeing to serve as an informant. The Defendant made numerous assurances that it would provide affirmative protection to the Plaintiff both before and after his status as a confidential government was compromised. Lastly, Defendant knew of the danger and threat of harm to the Plaintiff, as the Plaintiff succinctly warned the relevant law enforcement officials that their actions would place him in danger. (Complaint ¶¶ 9-17).

Similarly, the court in <u>Swanner v. United States</u>, 309 F.Supp. 1183 (N.D.Ala. 1970), **denying a motion to dismiss** claims for personal injuries and property damage under the FTCA, held that the plaintiff had a special relationship with Defendant United States of America and that Defendant United States of America knew of the danger the informant/plaintiff faced. Therefore, the court allowed plaintiff's claims to stand, holding "[t]he failure to provide protection in this case was not a decision made in the exercise of a discretionary function within the meaning of 28 U.S.C. § 2680(a)." <u>Id</u>. at 1187.

The facts of <u>Swanner</u> are extremely similar to the case at bar. In <u>Swanner</u>, the plaintiff was an employee of the Alcohol and Tobacco Tax Division, and was aiding in undercover investigations of illicit whiskey operations. <u>Id</u>. at 1186. Similar to the instant case, the plaintiff's identity as an undercover agent was compromised, and threats were made against him. The government was aware of these threats but negligently advised the plaintiff he would be safe at his home in

Alabama. Shortly thereafter, the plaintiff's home was bombed and he and his family suffered personal injuries and property damages. Id. at 1186-87.

Interestingly, Defendant relies on Gray v. Bell, 712 F.2d 490 (D.C.Cir. 1983), cert. denied, 465 U.S. 1100 (1984), for the proposition that "[p]rosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law, and are immune under the discretionary function exception." (Def.'s Mtn at 7) However, the plaintiff in Gray brought a claim for malicious prosecution, whereas in the instant case, the Plaintiff is bringing a claim for negligence based on the failure of the Defendant to protect the Plaintiff after putting him in an extremely dangerous position.

Defendant next cites Ochran v. United States, supra. This case is clearly distinguishable. The Ochran case involved a **voluntary** informant, who voluntarily called the police and offered information on a drug dealer. Thereafter, the plaintiff was threatened by the person she informed on. Plaintiff reported the threats to the prosecutor, but nothing was done and the drug dealer ultimately carried out his threats. However, the court held that a law enforcement officer's decision of when and how to prosecute is within the discretionary function exception and therefore her claim was barred. Ochran 117 F.3d at 501. However, the Ochran court pointed out in footnote 7 that:

> [a] different result might have been reached in this case had [government] voluntarily assumed a specific duty that involved no policy judgments. For example, had [the government official]

exercised her discretion whether and how to protect [the plaintiff] by promising her that she would station U.S. Marshals at her door, but then failed to do so because [the government official] negligently misplaced the paper work and forgot about it, [the government official's] negligence might have been actionable under the FTCA. Id. at 506, n. 7.

Plaintiff has alleged a viable cause of action under the FTCA. The case law provides that Defendant is liable under the FTCA for its negligent failure to protect confidential informants from state created danger. As a direct result of the negligence, gross negligence recklessness, and/or willing or wanton conduct of the Defendant, the identity of the Plaintiff as an informant was exposed to others, including Mr. Gray and his reputed accomplices. Thus, Defendant created and increased the danger specifically to the Plaintiff. Moreover, Defendant's agents repeatedly promised to provide protection to Plaintiff, thereby assuming a duty to Plaintiff. Despite the existence of such a duty, Defendant then failed to protect the Plaintiff from that danger. Defendant's Motion fails to adequately address the facts and circumstances underlining Plaintiff's Complaint as well as the controlling legal precedent and should be denied by this Court.

## II.    PRIVATE ANALOGUE EXCEPTION DOES NOT APPLY.

Defendant erroneously attempts to persuade the Court that Plaintiff's claims are barred due to the lack of a private analogue. Notably, there is no private security or law enforcement agency analogous to that of the FBI and other government agencies at issue in the instant case. Therefore, the private analogue doctrine does not bar Plaintiff's claims. "The FTCA generally allows the

government to be held liable 'in the same manner and to the same extent as a private individual under like circumstances…'" <u>Appleton</u>, <u>supra</u>, 69 F.Supp.2d at 95.

Moreover, this Court in <u>Appleton</u>, specifically stated

the Supreme Court and the courts of this circuit hold that the government may be held to a duty of care even when it performs a function which the private sector does not perform. Accordingly whether or not a non-governmental entity performing the same function would have a duty to use due care. <u>Id</u>.; <u>see</u> <u>also</u> <u>Indian Towing Co. v. United States</u>, 350 U.S. 61, (1955).

Further, because "private businesses or associations analogous to law enforcement agencies such as the Federal Bureau of Investigations and the Drug Enforcement Agency simply do not exist," (Deft.'s Mtn at p. 11) it does not follow that the Defendant is absolutely immune from suit. Under the argument the Defendant provides, the FTCA would never apply to any federal government agency, especially those such as the FBI, because there are no analogous entities in the private sector. This cannot be what Congress had in mind when drafting the FTCA. Moreover, as discussed above, the courts have recognized that duties of protection on the part of governmental agencies arise where a special relationship exists. <u>See</u>, <u>e.g.</u>, <u>Swader</u>, <u>McIntyre</u>, <u>Citizen's Accord. Inc.</u>, <u>Velez-Diaz</u>, <u>and Williamson</u>, <u>supra</u>. Simply put, Defendant's private analogue argument is contrary to the law under the FTCA and should be summarily disregarded.

### III.  PLAINTIFF'S COMPLAINT DOES NOT ASSERT A CAUSE OF ACTION FOR FRAUD OR MISREPRESENTATION

While Defendant is correct in pointing out that the FTCA has not waived sovereign immunity with regards to fraud and misrepresentation claims (Deft.'s Mtn at p. 12), Plaintiff has not alleged a theory of liability involving fraud or misrepresentation. Plaintiff's Complaint clearly alleges that Defendant owed Plaintiff a duty of care to protect Plaintiff from specific harm he might face as an informant, that Defendant breached that duty of care owed to Plaintiff, and as a proximate result of that breach, Plaintiff was severely injured. (Complaint ¶¶ 26-30). Plaintiff's claim is **not** "within the words and reason of the [arising out of misrepresentation] exception." Kosak v. United States, 465 U.S. 848, 853 n.9 (1984). While Defendant cites numerous cases to instruct the Court that claims "arising out of…misrepresentation" are barred under the FTCA, not one of the cases cited by Defendant remotely discusses a claim for negligent failure to protect a confidential government informant.

Further, Plaintiff is not attempting to "artfully plead" his claim to avoid the magic words. (Deft.'s Mtn at p. 12) Plaintiff's Complaint lists a single count of negligence against Defendant. Moreover, this Court does not need to look beyond the literal meaning of the language in Plaintiff's Complaint to ascertain the real cause of action. See United States v. Neudstadt, 366 U.S. 696, 703 (1961). More specifically, it is quite clear that Plaintiff has not alleged a cause of action in fraud and/or misrepresentation. A plain reading of the Complaint demonstrates the futility of Defendant's argument.

**IV.  FACTS ASSERTED IN PLAINTIFF'S COMPLAINT DO NOT
EXTEND BEYOND THE SCOPE OF THE FTCA.**

In filing a Standard Form 95, the plaintiff must supply the relevant facts and the demand for money as required by law.  See Murrey v. United States, 73 F.3d 1448 (7th Cir. 1996).  These facts must provide notice to the agency to enable an investigation.  Id.  Further, "[I]f the claim would have been apparent to a 'legally sophisticated reader' of the form, then we will charge the agency with notice of that claim and deem it to have been exhausted." Palay v. United States, 349 F.3d 418, 426 (7th Cir. 2003).

Pursuant to 28 U.S.C. § 2675(a), Plaintiff filed his administrative claim, via the Standard Form 95, with the appropriate federal agencies on or about December 12, 2001. (Complaint ¶ 3).  Plaintiff has attached the Standard Form 95 to this Opposition for the Court's review.  (See Exhibit B)  Plaintiff, in his Standard Form 95, alleged all pertinent facts critical to the investigation below.  The Court will note from its review of this form, that Plaintiff expressly placed Defendant on notice of Plaintiff's claim surrounding the negligent failure to protect Plaintiff.

Most importantly, written notice of an administrative claim generally is sufficient to satisfy administrative exhaustion requirements if it sets out the manner in which the injury was received with enough detail to enable the agency to begin its own investigation.  See e.g., Manko v. United States, 830 F.2d 831 (8th. Cir. 1987); Williams v. United States, 693 F.2d 555 (5th. Cir. 1982); and Adams v. United States, 615 F.2d 284 (5th. Cir. 1980).  Moreover, a Standard

Form 95 need not elaborate all possible causes of action or theories of liability. See e.g., Free v. United States, 885 F.2d 840 (11th Cir. 1989); Bourdy v. United States, 722 F.2d 566 (9th Cir. 1983); and Barnson v. United States, 531 F. Supp 614 (10th Cir. 1982).

Plaintiff stated in his Standard Form 95 that (1) Plaintiff was a confidential informant for the Defendant; (2) Defendant promised Plaintiff that his identity would remain confidential; (3) Plaintiff relied on said promises; (4) Defendant, through its employees and/or agencies, negligently allowed the identity of Plaintiff to be disclosed; (5) Defendant, through its employees, created and/or increased a danger to Plaintiff; (6) Defendant promised to protect Plaintiff; (7) Defendant negligently failed to protect Plaintiff; and (8) as the result of Defendant's negligence Plaintiff was shot in the back and paralyzed. (See Exhibit B) Plaintiff's Standard Form 95 clearly meets the criteria under the FTCA, and more importantly, provided sufficient notice to allow Defendant to investigate the claim.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests Defendant's Motion to Dismiss be denied in its entirety.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC


By:    _____/s/_____ _____
Patrick M. Regan          No. 336107
Paul J. Cornoni            No. 489398
1919 M Street, NW, Suite 350
Washington, D.C.  20036
PH:   (202) 463-3030

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES A. SHULER** | : |
| **Plaintiff,** | : |
| **v.** | : **Civil Action No. 05-2207 (RMU)** |
| **UNITED STATES OF AMERICA,** | : |
| **Defendant.** | : |

## <u>ORDER</u>

Upon consideration of the Defendant's Motion to Dismiss, the Opposition thereto filed by the Plaintiff, and a review of the entire record herein, it is this _____ day of _____, 2006 hereby:

ORDERED that the Defendants' Motion is hereby DENIED in its entirety.

SO ORDERED.

_____
Honorable Ricardo M. Urbina

cc:

Patrick M. Regan
Paul J. Cornoni
1919 M Street, NW, Suite 350
Washington, D.C. 20036
Attorneys for Plaintiff

Darrell C. Valdez
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
Attorney for Defendant