UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES A. SHULER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2207 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANT'S MOTION TO DISMISS

In his Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition"), Plaintiff acknowledges the "discretionary function" exception to the Federal Tort Claims Act ("FTCA") and the two-part test for determining its application, but then completely fails to make any attempt to employ the test to determine if the exception applies to the present case. Indeed, had Plaintiff applied the test, he would ultimately have demonstrated that his claim is, in fact, barred. Nevertheless, rather than face the fact that the two-part test of the discretionary function exception would result in the complete bar of his tort claim against the United States, Plaintiff instead launched into a description of government liability cases which the Supreme Court has repeatedly held do not apply to tort claims against the United States nor satisfy the "private analogue" requirement of the FTCA. Thus, even if the Court were to accept as true the factual allegations in the complaint, Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction or that he stated a claim upon which relief can be granted, and the Court should dismiss the complaint with prejudice.

I. **PLAINTIFF IGNORED THE APPLICATION OF THE TWO-PART ANALYSIS UNDER THE DISCRETIONARY FUNCTION EXCEPTION TO THE FTCA.**

It is interesting to note that, although Plaintiff acknowledges that the discretionary function exception requires a two-step analysis to determine if a claim is barred, he failed to make any attempt to apply the test to the facts of the present matter. See Plaintiff's Opposition at 10-11. Defendant submits that this omission was not accidental, as the facts of the present case clearly support the application of the discretionary function exception.

With respect to the first prong of the test, Plaintiff has failed to demonstrate that the agents here ignored or failed to comply with statutes or regulations designed to guide their actions in the particular situation. Bergmann v. U.S., 689 F.2d 789, 792 (8th Cir. 1982). His Opposition is completely devoid of any citation to a nondiscretionary statute or regulation that specifies how a federal law enforcement agent is to investigate or arrest a major narcotics and homicide conspiracy target or how they are to "protect" Plaintiff. Plaintiff further fails to address the second prong of the test as to whether the agent's decision involves the balancing of public policy factors. Indeed, the decision regarding "when" to arrest a violent and dangerous person who may kill again if not arrested immediately, is grounded within the balancing of public policy factors which is an integral part of the police function. Defendant, on the other hand, has demonstrated in its Memorandum of Points and Authorities in Support of its Motion to Dismiss that no other law enforcement decision, such as how to conduct an undercover operation and when to arrest a violent and dangerous person who may kill again if not arrested immediately, is more grounded within the discretion of government and police officials, and is an integral part of the police function.

Rather than apply the two-part test, Plaintiff launches into a list of cases, many of which do not even address the discretionary function exception, while others do not support the Plaintiff's use here. For example, Plaintiff refers to <u>Bowers v. DeVito</u>, 686 F.2d 616 (7th Cir. 1982); <u>Kallstron v. City of Columbus</u>, 136 F.3d 1055 (6th Cir. 1998); <u>Citizen's Accord, Inc. v. City of Rochester</u>, 200 WL 504132 (N.D.N.Y. 2000); <u>Williamson v. City of Virginia Beach</u>, 786 F.Supp. 1238 (E.D.Va. 1992); <u>Swader v. Commonwealth of Virginia</u>, 743 F.Supp. 434 (E.D.Va. 1990), all of which address the liability of a state or municipality, and are not involved in any way with the United States' waiver of sovereign immunity under the FTCA. Indeed, as the Supreme Court has repeatedly made clear, and Plaintiff seems to ignore in his Opposition, **the United States is not liable under the FTCA in the same manner as a state or municipal entity**. <u>United States v. Olson</u>, __ U.S. __, 126 S.Ct. 510, 511-512 (2005) (emphasis added).

Plaintiff cites other cases completely out of context in order to create the mis-impression that a special duty is created by the mere fact of his cooperation, when, in fact, those cases do not even address the discretionary function exception. For example, Plaintiff cites the First Circuit opinion in <u>McIntyre v. United States</u>, 367 F.3d 38 (1st Cir. 2004) for the proposition that the government owes a special duty of care to confidential informants. Plaintiff's Opposition at 12. In truth, the Court in <u>McIntyre</u> never addressed the issue regarding a duty of care, as the sole issue on appeal was whether the matter was properly dismissed for statute of limitations reasons. <u>McIntyre</u>, 367 F.3d at 42. Importantly, the quote from <u>McIntyre</u> used by Plaintiff in his Opposition had nothing to do with any finding or determination by the Circuit Court, but rather

was merely a recitation of the appellant's claim.[1/]

Plaintiff further confuses claims sounding in tort pursuant to the FTCA and claims alleging constitutional violations pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), when he mis-interprets the First Circuit's decision in Velez-Diaz v. Vega-Irizarry, 421 F.3d 71 (1st Cir. 2005). Plaintiff claims that Velez-Diaz stands for the rule that "when a state has a special relationship with a private person or creates a danger specific to that person, a duty arises on behalf of the state." Plaintiff Opposition at 13. The First Circuit Court in Velez-Diaz, however, does not make such a broad statement. Rather, the Court limited the "state-created danger" theory of liability to solely claims of constitutional violations, which are not raised in this matter. Velez-Diaz, 421 F.3d at 79. The Circuit Court cited the rule that, in the context of a Bivens action, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause," unless the government action has so deprived the complainant of the liberty needed to act on his own behalf, i.e., when the individual is incarcerated or involuntarily committed to the custody of the State. Velez-Diaz, 421 F.3d at 79. Finding that a cooperating witness, even if it is part of his plea deal with the government, is free to decline to cooperate with the agents at any point, the Circuit Court held that no "custodial relationship" exists that would have deprived the witness of the liberty to protect himself, and no affirmative constitutional duty to protect was created. Id. at

---

[1/]   Likewise the quote used by Plaintiff from the Second Circuit Court's opinion in Leonhard v. United States, 633 F.2d 599 (2d Cir. 1980), was not in reference to the discretionary duty exception or to any duty owed by the United States to an informant, but rather was an explanation as to the complainant's failure to timely assert a claim of abduction against the United States when his children were relocated within the witness-protection program. See Leonhard, 633 F.2d at 614.

80.  Thus, even applying the holding in Velez-Diaz to the present matter, Plaintiff's claim would fail.

The sole case cited by Plaintiff that is even remotely relevant to the issue regarding the application of the discretionary function exception is the District Court for the Middle District of Alabama decision in Swanner v. United States, 309 F.Supp. 1183 (M.D.Ala.1970), which was subsequently abrogated by the Supreme Court's decision in United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797 (1984).  In Swanner, the District Court held that the discretionary function exception did not apply as a matter of law to the decision not to protect Swanner because it was made by law enforcement agents of the United States acting within the scope of their employment.  Swanner, 309 F.Supp. at 1187.  The Supreme Court rejected that view in Varig Airlines, holding instead that "it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case...."  Varig Airlines, 467 U.S. at 811.  In Varig Airlines, the complainant sought damages for persons killed by a fire on board a commercial flight, alleging negligence by the Federal Aviation Administration in issuing a certificate for use for the aircraft.  Id. at 799-800.  In finding that the claims were barred by the discretionary function exception to the FTCA, the Court held that "the basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a Government employee – whatever his or her rank – are of the nature and quality that Congress intended to shield from tort liability."  Id. at 813.  "The exception covers '[n]ot only agencies of the government . . . but all employees exercising discretion.'"  Id. (*quoting* Dalehite v. United States, 356 U.S. 15, 33 (1953)).  Here, Defendant has established, and Plaintiff has not provided any evidence to dispute, that the law

5

enforcement agents were using their discretion in determining when and how to conduct the undercover operation, and when to arrest such a dangerous person as Kevin Gray.

The holding in Swanner was also subsequently discredited in Piechowicz v. United States, 685 F.Supp. 486 (D.Md. 1988), aff'd 885 F.2d 1207 (4th Cir. 1989); and Carrion v. United States, No. 85-Civ-3539, 1989 WL 83404 (E.D.N.Y. 1989).  In Piechowicz, the Court addressed the holding in Swanner, 309 F.Supp. at 1187, that the discretionary function exception is inapplicable when a duty to protect exists under state law:

> Section 1346(b) calls for the application of the law of the state where the alleged negligence took place.  But section 1346(b) does not come into play unless the federal district court has subject matter jurisdiction under section 2680(a)--and that jurisdiction is lacking if the discretionary function exception of section 2680(a) is applicable.  Whether the discretionary function exception applies is controlled by federal law; a court must ascertain whether Congress intended to waive sovereign immunity.  Thus, even if under the circumstances of this case Maryland state law imposes upon [the Government employees] the duty to protect [witnesses], the existence of that state law duty would not in and of itself prevent the discretionary function exception from applying.

Piechowicz, 685 F.Supp. at 497-98 (footnotes and citations omitted).  See also Carrion, No. 85-Civ-3539, 1989 WL 83404 *3 n.3 (Swanner's statement of the law was properly rejected in Piechowicz).

In his Opposition, Plaintiff attempts to distinguish his circumstances from those in Ochran v. United States 117 F.3d 495 (11th Cir. 1997), which support the Defendant's Motion here.  Plaintiff asserts that merely because the plaintiff in Ochran was a "voluntary witness" or victim, she was entitled to less protection than Plaintiff, who was a co-conspirator who participated in the crimes investigated, was arrested, plead guilty to committing numerous crimes, and was cooperating in order to reduce his exposure to a long prison sentence.  This

6

argument finds no support in any statutory or regulatory provision, nor in logic.  As noted by the Court in Ochran, the Department of Justice has policy guidelines that govern the protection of innocent witnesses and victims which, ultimately, do not negate the discretionary function exception to government liability.  Ochran, 117 F.3d at 500-501.  Plaintiff, on the other hand, points to no authority that even reaches the same level as the guidelines cited in Ochran.[2]

      Plaintiff cites to dicta in the footnote of Ochran in which the 11th Circuit Court mused that the result may be different had the government "voluntarily assumed a specific duty that involved no policy judgments" such as promising to place a U.S. Marshal at the plaintiff's door and then failing to do so.  Plaintiff Opposition at 15-16.  Plaintiff then alleges that the agents here made vague and undefined promises to provide him protection.  Id.  However, that vague and undefined promise alleged here falls far short of the specific promise of protection noted in the footnote that would "involve no policy judgments."  Notably, Plaintiff admits that at the time he was shot, the law enforcement officials were unaware that Plaintiff's cooperation was discovered.  Complaint at 19.  Thus, even accepting the allegations that the United States gave some vague and undefined "promise to provide protection to Plaintiff," Plaintiff Opposition at 16, he has failed to set forth any specific promise to provide a specific type of protection that would have "involved no policy judgments."  Accordingly, the government's actions fall within the discretionary function exception, and Plaintiff's Complaint should be dismissed for lack of

---

[2]    Quite the opposite, the present Attorney General Guidelines for Victim and Witness Assistance (2000) gives the responsible official wide discretion for determining when to consider informing a victim of victim/witness protection services: "at which [time] it may be done without interfering with an investigation."  Article IV.A.3.  Moreover, the reference to "witnesses" relied upon by the Ochran Court in Article III.D.2 has been removed, and the focus of protection under the Guidelines is now upon the victim.  See Art. III and IV.

subject matter jurisdiction.

## II. PLAINTIFF'S INTERPRETATION OF THE LAW REGARDING THE "PRIVATE ANALOGUE" REQUIREMENT GOES AGAINST SUPREME COURT PRECEDENT.

In his Opposition, Plaintiff makes an unsupported conclusory leap that because "there is no private security or law enforcement agency analogous to that of the FBI and other government agencies at issue in the instant case . . . the private analogue doctrine does not bar Plaintiff's suit." Plaintiff' Opposition at 16.  Not only does this assertion make no sense, it is contrary to the law.  Even in situations where an FTCA complaint seeks recourse for the tortuous performance of governmental functions which the private sector does not otherwise perform, the plaintiff must still find an analogous activity or situation in the private sector that imposes a duty and liability upon a private person.  United States v. Olson, , __ U.S. __, 126 S.Ct. 510, 512 (2005) ("this Court has consistently adhered to this 'private person' standard, even when uniquely governmental functions are at issue") (*citing* Indian Towing Co. v. United States, 350 U.S. 61, 64 (1955), and Rayonier Inc. v. United States, 352 U.S. 315, 318 (1957)).

Plaintiff further creates a "straw-man argument" by re-characterizing Defendant's argument into something that it was not.  Specifically, Plaintiff describes Defendant's private analogue argument as limited solely to the fact that there are no private businesses or associations analogous to law enforcement agencies such as the FBI or DEA.  Plaintiff's Opposition at 17.  Defendant's argument, however, is not so limited.  Rather, Defendant points out that under the Supreme Court case law regarding the private analogue requirement, Plaintiff must point to some analogous activity or situation in the private sector under which state law makes an individual

liable in tort.  That, Defendant argues, cannot be done here as, not only are there no private businesses analogous to the federal law enforcement agencies here, there are no activities in the private sector similar or analogous to the operations and executions of criminal investigations by law enforcement authorities, such as plea bargains, criminal investigations, witness protection programs, undercover operations, offender cooperation and undercover buying of narcotics.  See Memorandum of Points and Authorities in Support of Motion to Dismiss at 11.  As such, there is no private analogue under which the Court may impose liability.  Indeed, Plaintiff did not even attempt to cite to any analogous activity or situation in the private sector that imposes a duty and liability upon a private person.  See  Plaintiff's Opposition at 16-17.

      Plaintiff further seems to misunderstand the plain meaning of the FTCA and the Supreme Court's decision in United States v. Olson, __ U.S. __, 126 S.Ct. 510, 512 (2005), as he continues to rely upon case law that imposes liability upon state and/or municipal entities, as opposed to private entities.  Plaintiff's Opposition at 17.  Olson could not be more clear in its rejection of this approach.  "The FTCA says that it waives sovereign immunity 'under circumstances where the United States, if a *private person*,' not 'the United States, if a state or municipal entity,' would be liable."  Olson, __ U.S. at __, 126 S.Ct. at 511-512 (*quoting* 28 U.S.C. § 1346(b)(1)) (emphasis added in quote).  Indeed, the Court overturned a Ninth Circuit decision relying upon identical arguments made by Plaintiff here, finding that the FTCA "requires a court to look to the state-law liability of private entities, not to that of public entities, when assessing the Government's liability...." Id. at 512.  Here, Plaintiff has failed to provide this Court with any case law or other authority imposing a duty or liability upon a *private person*, as opposed to a state or municipality, in similar circumstances, and accordingly Plaintiff has

provided no basis upon which this Court may impose a duty or liability upon the United States under the FTCA, and the private analogue doctrine bars any claim by Plaintiff here.

### III. PLAINTIFF'S COMPLAINT ASSERTS A CLAIM BASED UPON MISREPRESENTATION.

Irrespective of Plaintiff's protestations, his complaint unmistakenly alleges that law enforcement agents made a promise directly to Plaintiff, Complaint at ¶ 11, that Plaintiff justifiably relied upon that promise, id., and that the promise was false (made negligently, recklessly and with conscience indifference to the fate of Plaintiff). Id. at ¶ 12. He does not allege that the action promised by the agents was performed negligently, but rather that the communication was false. Id. Such allegations are the elements of a misrepresentation (negligent or intentional) or a contracts claim – both of which are barred. Block v. Neal, 460 U.S. 289, 295 (1983) ("the essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies"); Grundy v. United States, 2 Cl. Ct. 596, 598-99 (Fed. Cl. 1983) (promises by law enforcement officials to protect cooperating informants are contracts made in a sovereign capacity and are barred); Drakes v. United States, 28 Fed.Cl. 190, (Fed. Cl. 1993) (suit by cooperating informant alleging that United States breached its promise to protect him dismissed because "[t]he Government is not liable for damages resulting from sovereign acts performed by it in its sovereign capacity"). Accordingly, the Complaint should be dismissed.

### IV. PERTINENT FACTS ASSERTED IN PLAINTIFF'S COMPLAINT WERE NOT RAISED AT THE ADMINISTRATIVE LEVEL.

In his Opposition, Plaintiff admits that he made a generalized claim of duty and liability

10

on the part of the United States in his Form 95 FTCA Administrative Claim, but fails to address the Defendant's assertion that he failed to set forth any specific act by any party that gave rise to a special relationship or specific duty.  As set forth by Defendant, Plaintiff somehow neglected to raise the very important allegation in his administrative claim that he warned law enforcement authorities not to immediately detain Mr. Gray.  The omission of this allegation substantially altered the theory of liability beyond that which the agency was on notice that it should, or could, investigate during the administrative phase.  Bush v. United States, 703 F.2d 491, 495 (11th Cir. 1983) (failure to narrate facts from which a legally trained reader would infer a claim will bar jurisdiction).  Because the United States was not previously informed of its potential liability on the alleged express promise not to apprehend Gray, Plaintiff's civil action exceeds the scope of his administrative FTCA claim, and Plaintiff has failed to exhaust his administrative remedies.

Respectfully submitted,

  /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843