UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES A. SHULER | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-2207 (RMU) |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 59, hereby respectfully submits his Motion for Reconsideration and further states:

Respectfully, this Court, in its ruling, misapplied Ochran v. United States, 117 F.3d 495, 500 (11th Cir. 1997) and found that "[A]bsent any claim of an explicit promise to provide a specific type of protection, the defendant's protective services constitute a discretionary function under the FTCA." (Opinion at pp. 11-12, Exhibit A.) The legal precedent surrounding Plaintiff's claim does not require such an explicit promise. Moreover, this Court's Opinion makes a finding of fact that such an explicit promise was not made. Any findings of fact in this regard must be assumed in favor of Plaintiff. At the very least, Plaintiff is entitled to a brief period of discovery on this issue.

- 2 -

In further support of his Motion, the Plaintiff respectfully refers the Court to the attached Memorandum of Points and Authorities.[1]

                Respectfully submitted,

                REGAN ZAMBRI & LONG, PLLC

By: _____
     Patrick M. Regan     No. 336107
     Paul J. Cornoni      No. 489398
     1919 M Street, NW, Suite 350
     Washington, D.C. 20036
     PH: (202) 463-3030
     Attorneys for Plaintiff

---

[1] Plaintiff's Counsel attempted to obtain Defendant's consent to this motion, however, at the time of filing, Plaintiff's Counsel had not yet received a response from Defense Counsel.

- 3 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Motion for Reconsideration, Memorandum of Points and Authorities in support thereof and proposed Order was electronically filed and mailed, postage prepaid, this 31st day of August, 2006, to:

> Darrell C. Valdez
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th Street, N.W., Civil Division
> Washington, D.C. 20530

/s/<br>
Patrick M. Regan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES A. SHULER | : |
|     Plaintiff, | : |
|     v. | :   Civil Action No. 05-2207 (RMU) |
| UNITED STATES OF AMERICA, | : |
|     Defendant. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff, by and through undersigned counsel, hereby submits this Memorandum in Support of Plaintiff's Motion for Reconsideration. In support thereof, the Plaintiff respectfully states as follows:

Plaintiff has alleged a viable cause of action under the FTCA. The widespread rule provides that the Defendant is liable under the FTCA for its negligent failure to protect confidential informants from state created danger. Respectfully, this Court, in its ruling, mistakenly relied on <u>Ochran v. United States</u>, 117 F.3d 495, 500 (11th Cir. 1997) and found that "[A]bsent any claim of an explicit promise to provide a specific type of protection, the defendant's protective services constitute a discretionary function under the FTCA." (Opinion at p., Exhibit A.)[2] The legal precedent surrounding Plaintiff's claim does not require such an explicit promise. Moreover, this Court's Opinion makes a

---

[2] Defendant's agents not only arrested Kevin Gray in a manner that identified Mr. Shuler as informant, but shortly thereafter forced Mr. Shuler back into harms way by instructing Plaintiff to engage in further illegal narcotics exchanges with Mr. Gray's associates. It was during this subsequent activity that Plaintiff was shot and paralyzed.

finding of fact that such an explicit promise was not made. Any findings of fact in this regard must be assumed in favor of Plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974); <u>Lunney v. U.S.</u>, 319 F.3d 550 (2d. Cir. 2003)(under FRCP 12(b)(1), court accepts as true all factual allegations in complaint and must draw all reasonable inferences in favor of plaintiff.) At the very least, Plaintiff is entitled to a brief period of discovery on this issue.

> Notably, Plaintiff, in his Complaint, stated:
>
> Plaintiff Shuler justifiably relied on the assurances of the law enforcement authorities and their relevant agents that they would keep his identity as an informant confidential, that they would keep him safe even if his identity did not remain confidential, and that they would protect him against the targets of their investigations and/or the inherent dangers created by the Defendant.
>
> 12. These assurances of confidentiality, safety, and protection were false and were made by the agents of the Defendant, negligently, recklessly, and with conscience indifference to the fate of Plaintiff Shuler. (Complaint at ¶¶11-12, Exhibit B).

Plaintiff has clearly articulated that he was given specific assurances by the Defendant's employees and/or agents that said individuals would provide protection to Plaintiff. Such protection was never provided. The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. <u>Kingman Park Civic Ass'n v. Williams</u>, 348 F.3d 1033, 1040 (D.C.Cir.2003) (citing Fed.R.Civ.P. 8(a)(2) and <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the

Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." Conley, 355 U.S. at 47-48, 78 S.Ct. 99 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), or "plead law or match facts to every element of a legal theory," Krieger v. Fadely, 211 F.3d 134, 136 (D.C.Cir.2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Warren v. Dist. of Columbia, 353 F.3d 36, 37 (D.C.Cir. 2004).

At a minimum, Plaintiff should be allowed to conduct discovery on the issue of whether such an explicit promise to protect Plaintiff was made by the Defendant. The court has in effect assumed that there is no factual dispute as to whether or not the Government made explicit promises to protect Plaintiff despite the fact that Plaintiff's Complaint is to the contrary. The D.C. Circuit has consistently noted that "....ruling on a Rule 12(b) (1) motion may be improper before the plaintiff has had a chance to discover the facts necessary to establish jurisdiction." Collins v. N.Y. Central System, 327 F.2d 880 (D.C. Cir. 1963); see also Artis v. Greenspan, 223 F. Supp 2d 149 (D.C. 2002), Davis v. Kelly, 160 F. 3d 917 (2d cir. 1998); Alexander v. FBI, 971 F. Supp. 603, 607 (1997); and El-Fadl v. Cental Bank of Jordan, 75 F.3d 668, 675-76 (1996). In many instances it may be necessary to hold evidentiary hearings in resolving particularly

complicated factual disputes rather than rely on affidavits alone.  See Williamson v. Tucker, 645 F. 2d 404, 414 (5th Cir. 1981); Herbert v. National Academy of Sciences, 947 F.2d 192, 197 (D.C. Cir. 1992).

    Lastly, this Court's Opinion misinterprets Ochran v. United States and places an undue burden on the Plaintiff.   In McIntyre v. United States, 367 F.3d 38 (1st Cir. 2004), the court recognized the special duty the government has to confidential informants who may be endangered if their status as an informant were revealed to others, "particularly those whose activities are the subject of the informant's disclosures." Id. at 54; see also, Leonhard v. United States, 633 F.2d 599, 614 (2d Cir. 1980)("the procurement of testimony against alleged member of organized crime will normally require appropriate protection of both the informant and his family."); Citizen's Accord. Inc. v. The Town of Rochester, 2000 WL 504132 (N.D.N.Y 2000)(stating in special relationship cases that the duty must arise from affirmative duties of care and protection by state actors with respect to *particular individuals* and not the public at large); Velez-Diaz v. Vega-Irizarry, et al., 421 F.3d 71 (1st Cir. 2005) (stating that when a state has a special relationship with a private person or creates a danger specific to that person, a duty arises on behalf of the state); Williamson v. City of Virginia Beach, 786 F. Supp. 1238 (E.D.Va. 1992); Restatement (Second) of Torts § 315 ("there is no duty so to control the conduct of a third person as to prevent him from harm to another **unless …(b) a special relation exists between the actor and the other which owes to the other a right of** protection.").  Further, the state-created danger theory "comes into play where a state

actor created the danger or increases the victim's vulnerability to the danger." Citizen's Accord Inc. at *20.

In the instant case there was a special relationship between the Plaintiff and the government that created a specific duty to protect Plaintiff. The court in Swader v. Commonwealth of Virginia, 743 F.Supp. 434 (E.D.Va. 1990), recognized three factors to be considered when determining whether a special relationship or "other" relationship existed between the plaintiff/victim and the relevant law enforcement official. Id. at 439. These factors include: (1) whether the victim was in legal custody at the time or had been in legal custody prior to the incident; (2) whether the State has expressly stated a desire to provide affirmative protection to specific individuals; and (3) whether the State knew of the danger or threats against the plaintiff/victim. Id. at 439-40.

Here, Plaintiff had been in legal custody immediately prior to agreeing to serve as an informant. The Defendant made numerous assurances that it would provide affirmative protection to the Plaintiff both before and after his status as a confidential government was compromised. Lastly, Defendant knew of the danger and threat of harm to the Plaintiff, as the Plaintiff succinctly warned the relevant law enforcement officials that their actions would place him in danger. (Complaint ¶¶ 9-17).

Similarly, the court in Swanner v. United States, 309 F.Supp. 1183 (N.D.Ala. 1970), **denying a motion to dismiss** claims for personal injuries and property damage under the FTCA, held that the plaintiff had a special relationship with Defendant United States of America and that Defendant United States of America knew of the danger the informant/plaintiff faced. Therefore, the court allowed plaintiff's claims to stand, holding

"[t]he failure to provide protection in this case was not a decision made in the exercise of a discretionary function within the meaning of 28 U.S.C. § 2680(a)." Id. at 1187.

The facts of Swanner are extremely similar to the case at bar. In Swanner, the plaintiff was an employee of the Alcohol and Tobacco Tax Division, and was aiding in undercover investigations of illicit whiskey operations. Id. at 1186. Similar to the instant case, the plaintiff's identity as an undercover agent was compromised, and threats were made against him. The government was aware of these threats but negligently advised the plaintiff he would be safe at his home in Alabama. Shortly thereafter, the plaintiff's home was bombed and he and his family suffered personal injuries and property damages. Id. at 1186-87.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Reconsideration.

>Respectfully submitted,
>
>REGAN ZAMBRI & LONG, PLLC
>
>By: _____
>Patrick M. Regan      No. 336107
>Paul J. Cornoni        No. 489398
>1919 M Street, NW, Suite 350
>Washington, D.C. 20036
>PH: (202) 463-3030
>Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES A. SHULER** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 05-2207 |
| | (RMU) |
| **UNITED STATES OF AMERICA,** | : |
| **Defendant.** | : |

## ORDER

Upon consideration of the Plaintiff's Motion for Reconsideration, any Opposition thereto, and a review of the entire record herein, it is this ____ day of _____, 2006 hereby:

ORDERED that the Plaintiff's Motion is hereby GRANTED in its entirety.

SO ORDERED.

_____
Honorable Ricardo M. Urbina

cc:  Patrick M. Regan, Esquire
Paul J. Cornoni, Esquire
1919 M Street, NW, Suite 350
Washington, D.C. 20036
Attorneys for Plaintiff

Darrell C. Valdez, Esquire
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
Attorney for Defendant