UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES A. SHULER, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. )<br>) | Civil Action No. 05cv2207 (RMU) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR RECONSIDERATION

On November 10, 2005, Plaintiff filed a civil action against the United States alleging the common law tort of negligence under the Federal Tort Claims Act, 28 U.S.C. § 2871, et seq. ("FTCA" or "the Act").  Complaint (Dkt. No. 1) at ¶ 26-30.  The United States filed a Motion to Dismiss on February 2, 2006, arguing, *inter alia*, that the Court lacked subject matter jurisdiction because the claim was barred by the discretionary function exception to the FTCA, and that the claim failed to allege an action to which there was a private cause of action.  Motion to Dismiss (Dkt. No. 10).  In his Opposition to the Motion to Dismiss, Plaintiff argued that the case law relied upon by the United States for the discretionary function exception was irrelevant, and further asserted that "all of the factual predicates necessary to sustain the Complaint are before this Court...."  Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. No. 12) at 9. Defendant filed a Reply memorandum on April 7, 2006.  Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 14).  In the Reply, Defendant pointed out that, although Plaintiff acknowledges the two-part test for determining the application of the discretionary function exception, he failed to make any attempt to employ the test to the present

case, which would ultimately have demonstrated that his claim is barred. Id. at 1.

On August 21, 2006, this Court granted the Motion to Dismiss, finding that the Plaintiff's claim was barred by the discretionary function exception to the FTCA. Memorandum Opinion (Dkt. No. 16). Specifically, the Court held that, assuming all of the facts alleged by Plaintiff as true, and resolving all ambiguities or doubts (of which there were many in the complaint) in the factual allegations in favor of Plaintiff, "the decision when to arrest a criminal suspect and the decision to protect a government informant constitute decisions 'of the kind that the discretionary function exception was designed to shield.'" Id. at 8 (*quoting* Macharia v. United States, 334 F.3d 61, 65 (D.C. Cir. 2003)).

Plaintiff now moves for the Court to reconsider its decision, arguing that the Court mis-applied the case law, that the Court made improper findings of facts, and that Plaintiff should have been granted discovery on the issue of the discretionary function exception.[1] In essence, Plaintiff is attempting to re-argue the matter to the Court, using a new approach that is inconsistent with his earlier position. Motions for reconsideration must not be used to re-litigate matters already addressed by the parties. Because the Court properly applied the law and the facts, and because Plaintiff's new argument does not change the fact that he has failed to overcome the discretionary function exception to the FTCA, this Court should deny the Motion for Reconsideration.

---

[1]   On September 7, 2006, while this Motion was pending, Plaintiff filed a Notice of Appeal (Dkt. No. 18). Pursuant to Fed. App. R. 4(a)(4)(B)(I), the Notice of Appeal must be held in abeyance until the District Court renders a decision on the Plaintiff's post-judgment motion and enters judgment.

A.     **Law Governing Motions For Reconsideration.**

It is axiomatic that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2nd Cir. 1992) (*quoting* Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir.), cert. denied, 377 U.S. 934 (1964)).  A movant cannot use the motion as a thinly-veiled attempt to relitigate or reargue issues already decided by the Court.  See Bryson v. Gere, 268 F. Supp.2d 46, 53 (D.D.C. 2003).

Whether a motion for reconsideration is made pursuant to Fed. Civ. Rule 59 or pursuant to the Court's inherent authority to reconsider its prior rulings, Plaintiff must demonstrate some "manifest injustice" caused by the court's ruling.  United States v. Pollard, 290 F. Supp.2d 153, 157 (D.D.C. 2003) (under Fed. Rule 60(b), the Court's discretion should be only sparingly used, and only allowed when movant can demonstrate some "previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust....") (*quoting* Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980));  Bryson, 268 F. Supp.2d at 53 (a movant must demonstrate some "intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice" before the Court should exercise its discretion to grant a motion for reconsideration).  Even so, a motion for reconsideration of an order dismissing a matter must fail unless the movant "can demonstrate a meritorious claim or defense" to the motion upon which the Court dismissed the complaint. Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995).  Thus, Plaintiff must provide the Court "with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." Id.

There are three circumstances in which a district court may grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  United States, ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (*quoting* Pacific Insurance Co. v. American National Fire Insurance Co., 148 F.3d 396, 403 (4th Cir.1998)).  Plaintiff's motion, here, does not point to newly discovered evidence or an intervening change in law that would justify altering or amending the judgment, but rather rests upon the third criteria – that the Court misapplied the law and the 11th Circuit Court's decision in Ochan v. United States, 117 F.3d 495 (11th Cir. 1997).  See Plaintiff's Motion for Reconsideration (Dkt. No. 17) at 1.  However, "mere disagreement does not support a Rule 59(e) motion."  Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir.1993).  The Court's Memorandum Opinion and accompanying Order was legally correct and did not work a manifest injustice.  Thus, Plaintiff's motion for reconsideration is without any factual or legal support, and should be denied.

    **B.**    **Plaintiff Has Failed to Establish That Reconsideration Is Appropriate in this Action.**

        **1.**    **The Court Properly Applied the Law to Plaintiff's FTCA Claim.**

Plaintiff asserts in his Motion for Reconsideration that the Court misapplied the law, and that the discretionary function exception does not bar recovery in this matter.  See Plaintiff's Motion for Reconsideration (Dkt. No. 17) at 1.  To support his argument, Plaintiff cites to and re-argues the same case law raised in his Opposition, and squarely addressed by the Defendant in the Reply Memorandum.  See Reply to Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 14)

at 3-6.  In the Reply, Defendant demonstrated that many of the cases cited by Plaintiff do not even address the discretionary function exception, while others were either abrogated by subsequent decisions or do not even support the Plaintiff's use here.  Id.  Still others are mis-cited by Plaintiff and cut squarely against him.  Id.  Notably, as Defendant pointed out in its Reply, Plaintiff's attempt to apply municipal or state government liability to the United States has been flatly rejected by the Supreme Court in United States v. Olson, __ U.S. __, 126 S.Ct. 510, 511-512 (2005).  See Reply to Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 14) at 3.  Such attempt to get a "second bite at the apple" is clearly an improper use of a motion for reconsideration.

In any event, the Court correctly applied the law and found that the discretionary function barred the Court's jurisdiction over Plaintiff's claim.  See Memorandum Opinion (Dkt. No. 16) at 12.  It appears that Plaintiff concedes the first part of the discretionary function exception's two-step analysis.  Plaintiff cites to no statute or regulation that creates a non-discretionary duty upon the Defendant.  Rather, Plaintiff appears to allege that a "special relationship" between the Plaintiff and the Defendant created the non-discretionary duty.  See Motion for Reconsideration at 5. Yet, Plaintiff fails to specify what "protections" the Defendant was obligated to provide, nor does he specify what "specific" promise of protection was made to him.  Indeed, this Court gave Plaintiff the benefit of the doubt and ignored his inconsistent allegations and assumed as correct the only allegation in which he alleged that the government made him a general promise of protection.  Yet, a vague and undefined promise falls far short of the specific promise of the type and manner of protection that would "involve no policy judgments."  Thus, even accepting the allegations that the United States gave some undefined "promise to provide protection to

Plaintiff," Plaintiff Opposition at 16, the Court correctly held that Plaintiff failed to set forth any specific promise to provide a specific type of protection that would have "involved no policy judgments."

### 2.  The Court Properly Applied the Facts as Alleged by Plaintiff and Resolved All Ambiguities and Inferences in Plaintiff's Favor.

Plaintiff further alleges that the Court improperly decided disputed factual issues and drew unreasonable inferences in favor of the Defendant. See Memorandum of Points and Authorities in Support of Plaintiff's Motion for Reconsideration (Dkt. No. 17) at 3.  However, Plaintiff fails to set forth any specific examples of where the Court failed to accept the allegations of Plaintiff's Amended Complaint as true.  Indeed, the Court cited to, and accepted as true, all of the allegations set forth in Plaintiff's Amended Complaint, even where Plaintiff's allegations were inconsistent or omitted. See Memorandum Opinion (Dkt. No. 16) at 2 n. 2 (Plaintiff failed to allege the vital causal fact that he was the only person who had knowledge of Kevin Gray's whereabouts, but the Court presumed the fact in Plaintiff's favor), n. 3 (Plaintiff's description of the promises made to him were inconsistent throughout the complaint, and could have been deemed to have plead the matter out of court, however the Court presumed the facts in favor of Plaintiff that the government explicitly assured Plaintiff of protective services).

The only "facts" not accepted by the Court were Plaintiff's conclusory allegation that the promises of protection were "explicit," which does not rise to the level of factual allegations, and need not be accepted by the Court. Papasan v. Allain, 478 U.S. 265, 286 (1986) (in determining a motion to dismiss, a court need not accept as true conclusory allegations couched as a factual allegation); Major v. Plumbers Local Union No. 5, 370 F. Supp.2d 118, 123 (D.D.C. 2005)

6

("Conclusory legal and factual allegations, however, need not be considered by the court"). See also Memorandum Opinion (Dkt. No. 16) at 7 ("Although the court must accept the plaintiff's version of the facts as true, the court need not accept the 'plaintiff's *characterization* of the facts.'") (*quoting* Fisher Bros. Sales Inc. v. United States, 46 F.3d 279, 286 (3rd Cir. 1995)) (emphasis in original).  Moreover, the Court should not allow a litigant to circumvent the limits of the Court's jurisdiction within the FTCA "by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized."  Id. at 6 (*quoting* Art Metal-USA, Inc. v. United States, 753 F.2d 1151, 1160 n. 16 (D.C. Cir. 1985)).

Resolving all inferences and ambiguities in favor of Plaintiff, the Court correctly held that Plaintiff alleged, at best, a generalized promise to provide protection.  Memorandum Opinion (Dkt. No. 16) at 11.  Still, Plaintiff attempts to hide the lack of any factual basis to overcome the discretionary function exception by relying upon a broad and unsupported interpretation of the Supreme Court's decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002), stating that the Court must forgive the inadequacies of his Complaint and let the matter proceed to discovery.  Swierkiewicz does not, however, alter the traditional standard applicable to motions to dismiss.  534 U.S. at 512.  Preliminarily, it must be pointed out that Swierkiewicz involved the issue of the appropriate standard for determining whether a Plaintiff adequately stated a claim under Fed. R. Civ. P. 12(b)(6).  The present matter involves Plaintiff's failure to adequately demonstrate the District Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), which involves a closer scrutiny of a plaintiff's allegations than that required for Rule 12(b)(6).  See Memorandum Opinion (Dkt. No. 16) at 5 (*citing* Macharia v. United States, 334 f.3d 61, 64, 69 (D.C. Cir.

2003) and Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp.2d 9, 13 (D.D.C. 2001)). Thus, Swierkiewicz is not applicable to the question of the Court's jurisdiction.

Even if the analysis of Swierkiewicz can be applied to the matter of jurisdiction, it still requires that a plaintiff plead sufficient facts to prove that he may "succeed on the merits" in order to survive a motion to dismiss. Id. at 511-512. The issue in Swierkiewicz was whether a complaint may properly be dismissed for failure to state a claim because the plaintiff failed to plead the "alleged circumstances that support an inference of unlawful discrimination." Id. Unlike the Plaintiff here, the plaintiff in Swierkiewicz, pled facts sufficient to establish the *sine qua non* of a Title VII claim: facts describing the adverse employment action and inferring a discriminatory motive. In Swierkiewicz, the plaintiff "alleged that he had been terminated on account of his national origin.... His complaint detailed the events leading up to his termination.... These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest." 509 U.S. at 514. Neither Swierkiewicz nor Federal Civil Rule 8(a), excuse a Title VII plaintiff from the necessity of pleading the existence of some actual facts or relevant conduct upon which his claims rely. Thus, the matter before the Court presents an issue not presented in Swierkiewicz: Whether a complaint may permissibly fail to allege any facts without which the plaintiff cannot succeed on the merits. Such a complaint, or any portion thereof, that fails to state a claim upon which relief may be granted, must be dismissed.

   **3.**  **Because Plaintiff Previously Informed the Court That All the Necessary Facts to Adjudicate the Motion to Dismiss Were Before The Court, He Cannot Now Claim That He Needs Discovery.**

Finally, Plaintiff argues that he is entitled to discovery on the issue of the discretionary

function exception. The problem with that request, however, is that Plaintiff never asked the Court for discovery in his Opposition to Defendant's Motion to Dismiss, nor did he even argue that additional evidence was necessary. Indeed, Plaintiff clearly asserted that "all of the factual predicates necessary to sustain the Complaint are before this Court...." Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. No. 12) at 9. Plaintiff cannot now, after judgement is entered against him, use a Rule 59 motion to change tactics merely because the one used earlier failed to win the day. See Publishers Resource Inc. v. Walker-Davis, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the [original] motion*") (emphasis in original); Confer v. Custom Engineering Co. Employee Health Benefit Plan, 760 F. Supp. 75, 77 (W.D. Pa. 1991) ("Allowing reconsideration motions for lesser causes not only wastes judicial resources, but is also unfair to parties that invest time and effort arguing on the original papers. If one party moves for disposition of an interlocutory issue, we shall not permit the other to forego making arguments in order that they may choose a more convenient time to come to court asking us to abandon the work previously done").

In any event, a witness with knowledge as to what specific promises were made to Plaintiff is well available to him – that is the Plaintiff himself. Yet, Plaintiff failed to provide any affidavit or other information to the Court which sets forth any detailed promise by the government to provide certain and specific protections. He cannot now claim to be entitled to discovery when all information necessary to oppose Defendant's Motion is within his possession.

**CONCLUSION**

For all of the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

 /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


 /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843