# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CHARLES SHULER,                   :
                                          :
                Plaintiff,           :
                                          :      Civil Action No.:      05-2207 (RMU)
                v.                  :
                                          :      Document No.:      17
UNITED STATES OF AMERICA,    :
                                          :
                Defendant.       :

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND

## I.     INTRODUCTION

The plaintiff, Charles Shuler, is permanently paralyzed after surviving a gunshot wound to the back. He claims that Kevin Gray, a convicted first degree murderer, ordered his murder after discovering that Shuler worked as a confidential informant for the Federal Bureau of Investigation and assisted law enforcement authorities in Gray's apprehension.[1] He brings suit against the United States, arguing that his identification as a government informant stemmed from the government's negligence in protecting his identity and in protecting him from Gray and Gray's criminal entourage. The court, concluding that the defendant is entitled to sovereign immunity, granted the government's motion to dismiss. Now, the plaintiff asks the court to reconsider this ruling, arguing that the court misapplied *Ochran v. United States*, 117 F.3d 495, 500 (11th Cir. 1997). Because the court's ruling contained no legal error, the court denies the plaintiff's motion to alter or amend the judgment.

---

[1] On January 9, 2003, a jury convicted Kevin Gray of eighty counts of criminal behavior including twenty counts of first degree murder while armed, numerous counts of distribution of cocaine, firearms offenses, and witness tampering. Def.'s Mot., Att. 1. On May 11, 2005, Judge Lamberth entered judgment in Gray's case and sentenced him to over forty life sentences.

## II.     BACKGROUND

### A.     Factual Background

As it did in considering the defendant's motion to dismiss, the court draws all inferences in favor of the plaintiff's factual allegations.  The plaintiff was a confidential informant for the FBI, the Drug Enforcement Agency, and the United States Attorney's Office for the District of Columbia.  Compl. ¶¶ 8, 9.  He assisted these law enforcement agencies in various criminal investigations, including the investigation of Kevin Gray.  *Id.* ¶ 9.  In early December 1999, the plaintiff informed the FBI of Gray's whereabouts, but "warned the FBI not to apprehend Mr. Gray immediately because only the Plaintiff had knowledge of Mr. Gray's location."[2]  *Id.*  The plaintiff was concerned that if the FBI immediately arrested Gray, Gray would know that the plaintiff was a government informant.  *Id.*  Immediately upon receiving information regarding Gray's location from the plaintiff, law enforcement officials arrested Gray.  *Id.*  These actions effectively "disclosed to Mr. Gray that the Plaintiff was an informant."  *Id.* ¶ 18.  The plaintiff then assisted the FBI in locating and apprehending Gray's lieutenants.  *Id.* ¶ 19.  The government

---

[2]     Critical to the plaintiff's theory of causation is the assumption that Gray believed that the plaintiff was the sole individual with knowledge of his location.  Although the plaintiff did not allege this point in his complaint, for purposes of this opinion, the court will give the plaintiff the benefit of the doubt and presumes as much.

made "assurances" to the plaintiff that it would protect him from these individuals.[3]  *Id.* ¶¶ 19, 20.

On December 15, 1999, roughly two weeks after the authorities apprehended Gray, the plaintiff was shot in the back.  *Id.* ¶ 24.  The plaintiff alleges that the shooter was acting on Gray's orders.  *Id.*  Although the plaintiff survived the shooting, he is permanently paralyzed.  *Id.* The plaintiff argues that, as a matter of law, his involvement as an informant "created a special relationship" between himself and federal law enforcement which made the authorities "responsible for his safety and protection."  *Id.* ¶ 25.

The plaintiff argues that the defendant "owed a duty of care to the Plaintiff to conceal his identity as an informant, to provide protection to the Plaintiff consistent with national standards of care [and] to avoid placing Plaintiff in inherent danger."  *Id.* ¶ 27.  The plaintiff also alleges that the defendant owed the plaintiff a duty of care "to inform [him] of critical information concerning the danger . . . created by the Defendant's acts or omissions, [and] to provide advisement and supervision of Plaintiff's activities as an informant consistent with the national standards of care and protocol" of federal law enforcement authorities.  *Id.*

---

[3]     The plaintiff's complaint contains an inconsistency.  First, the plaintiff avers that the government made assurances to him that it would provide him protection from Gray and his gang.  Compl. ¶¶ 19, 20.  Later, however, the plaintiff indicates that his "justifiable expectation of protection" stemmed not from the government's explicit assurances but "[i]n light of the dangerous work Plaintiff did to provide confidential information concerning Mr. Gray and in light of Plaintiff's requests for protection."  *Id.* ¶ 23.  The plaintiff also alleges that despite making "specific requests for protection from Mr. Gray and his associates . . . he did not receive such protection."  *Id.* ¶ 23.  Although a plaintiff can "plead himself out of court" by undermining his prima facie case in stating too much in his complaint, *Sparrow v. United Airlines, Inc.*, 216 F.3d 1111, 1116 (D.C. Cir. 2000), the court will presume that the plaintiff alleges that the government explicitly assured him of protective services.

### B.    Procedural Background

The defendant filed a motion to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure, arguing that the plaintiff's complaint is barred by the discretionary

function exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2871 *et seq*. and the

private analogue requirement for suits brought under that act.  Def.'s Mot. to Dismiss.

Concluding that the defendant was entitled to sovereign immunity, the court granted the

government's motion to dismiss on August 21, 2006.  Mem. Op. (Aug. 21, 2006).  Specifically,

the court ruled that because the plaintiff made no allegation of an explicit promise to protect the

plaintiff, the government's decision to protect him constitutes a discretionary function under the

Federal Tort Claims Act.  *Id.* at 10-11.  The plaintiff now seeks reconsideration of that ruling.

### III.    ANALYSIS

### A.    Legal Standard for Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a

judgment must be filed within 10 days of the entry of the judgment at issue.  FED. R. CIV. P.

59(e); *see also Mashpee Wamponoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C.

Cir. 2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged

order, not including weekends, certain specified national holidays (including Christmas Day and

New Year's Day), or any other day appointed as a holiday by the President").  While the court

has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment

of a previous order is an unusual measure.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.

1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).  Rule 59(e)

motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier. *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

### B.    The Court Denies the Plaintiff's Motion to Alter or Amend

The plaintiff's motion to alter or amend challenges two of the court's conclusions. First, the plaintiff argues that the court committed legal error by not drawing all reasonable inferences in the plaintiff's favor. Pl.'s Mot. at 2. Second, the plaintiff argues that the court misapplied the legal holding in *Ochran*, and, therefore, placed an undue burden on the plaintiff. Pl.'s Mot. at 1-2. For the reasons set forth below, the court is unconvinced by the plaintiff's arguments.

The plaintiff's arguments stem from his belief that the court, in ruling on the defendant's motion to dismiss, incorrectly made a factual finding that an explicit promise was not made by law enforcement to protect the plaintiff. Pl.'s Mot. at 2. The plaintiff, however, misunderstands the court's ruling.

The government is entitled to immunity for its discretionary functions, which includes the specific methods for protecting government informants. Mem. Op. at 7. To overcome the prohibition from suit of discretionary functions, the plaintiff cannot simply allege a generalized

promise on the government's part, but bears the burden of alleging that the government "voluntarily assumed a *specific* duty that involved no policy judgments." *Ochran*, 117 F.3d at 506 n.7. The plaintiff claims the defendant assured him that it "would keep him safe even if his identity did not remain confidential and that they would protect him against the targets of their investigations and/or the inherent dangers created by the Defendant." Compl. ¶ 11. As the court noted previously, the generalized nature of this allegation is insufficient as a matter of law to constitute a waiver of sovereign immunity. Mem. Op. (contrasting the generalized promise to protect as alleged by the plaintiff with an example, supplied by the *Ochran* court, of a sufficiently specific promise to station U.S. Marshals at a witness' door and a subsequent failure to deliver on that specific promise). Without an allegation of a specific promise to render a specific type of protective service, law enforcement discretion, subject to policy judgments, remains. *Id.* (citing *Ochran* at 500).

Therefore, contrary to the plaintiff's assertion, the court assumed the allegations in the plaintiff's complaint were true for purposes of resolving the defendant's motion to dismiss. The court, however, did not interpret the plaintiff's allegations loosely, or infer allegations not explicitly raised because the court, in assessing its subject matter under Federal Rule 12(b)(1), subjects the plaintiff's allegations to closer scrutiny than if considering dismissal under Rule 12(b)(6). *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). In other words, while the court assumed the plaintiff's allegations as true, it confined the scope of the plaintiff's

allegations to those specifically set forth in the complaint.[4]  As far as this court is concerned,

ignoring the complaint's internal inconsistencies, the defendant made the plaintiff *explicit*

promises for *generalized* protection.  It is the plaintiff that bears the burden of alleging a specific

waiver of sovereign immunity, and because the plaintiff did not allege that the government

undertook a specific duty, (*e.g.*, a promise to station a U.S. Marshal at his door), he has not met

his burden of alleging a specific waiver of sovereign immunity under the FTCA.

As a last ditch effort for the court to alter or amend the judgment, the plaintiff asks for a

period of "discovery on the issue of whether such an explicit promise to protect [the p]laintiff

was made by the [d]efendant."[5]  Pl.'s Mot. at 3.  But, the court granted dismissal in this case not

because the plaintiff had failed to proffer adequate evidence in support of his factual allegations,

but because the allegations made in the complaint, even if true, do not as a matter of law suffice

---

[4]    The plaintiff misunderstands the applicable legal standard.  In his motion for reconsideration, the plaintiff indicates that "'the accepted rule in every type of case' is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Pl.'s Mot. at 3 (quoting *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004)).  While *Warren* is indeed good law, it applies to cases in which the court dismisses the complaint under Federal Rule 12(b)(6), not to cases, such as this, in which the court dismisses pursuant to Federal Rule 12(b)(1).

Presumably, the plaintiff understands the *Warren* court's statement that its legal holding applies to "every type of case" to mean that it applies to 12(b)(1) situations with equal force as it applies to 12(b)(6) situations.  The better reading of this phrase, however, is that in 12(b)(1) situations, it applies to "every type of case" regardless of their underlying subject matter (*e.g.*, a Title VII case and a wrongful death case).  Under the plaintiff's reading, *Warren* repudiated the many varieties of presumptions and burdens imposed by the courts on litigants seeking dismissal for various reasons.  *See, e.g., Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003) (recognizing the appropriateness of different presumptions attending 12(b)(1) and 12(b)(6) motions).

[5]    This request is curious given that the plaintiff previously conceded that "all the factual predicates necessary to sustain the Complaint [were] before this court, either explicitly or by reasonable inference."  Pl.'s Opp'n to Def.'s Mot. to Dismiss at 9.

to waive sovereign immunity. Mem. Op. at 9-11; FED. R. CIV. P. 56(f) (stating that in opposition to a motion for summary judgment, when the non-moving party must demonstrate more than a scintilla of evidence, the non-moving party may ask for additional discovery). Also, the plaintiff's request for discovery is new – appearing nowhere in the plaintiff's opposition to the government's motion to dismiss. Indeed, this fact indicates to the court that the plaintiff's motion to alter or amend is nothing more than a second bite at the juridical apple. Now that the court has indicated that an explicit promise of a specific protection is legally required, the plaintiff would like to conduct discovery and, perhaps, tweak his claims accordingly. Because the court's dismissal is predicated on claims made by the plaintiff, about events for which he should have direct knowledge, a period of discovery would serve no purpose but to allow the plaintiff to cherry pick legal rulings and revisit previously determined litigation strategy. The court dismissed the plaintiff's complaint because his factual allegations fail, as a matter of law, to constitute an exception under the FTCA. No amount of discovery will change this legal conclusion.

## IV.    CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to alter or amend. An order consistent with this Memorandum Opinion is separately and contemporaneously issued on this 29th day of May, 2007.

RICARDO M. URBINA
United States District Judge