# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Decided July 15, 2008

No. 06-5275

CHARLES A. SHULER,
APPELLANT

v.

UNITED STATES OF AMERICA,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 05cv02207)

---

*Patrick M. Regan* was on the briefs for appellant.

*Jeffrey A. Taylor*, U.S. Attorney, and *R. Craig Lawrence* and *Darrell C. Valdez*, Assistant U.S. Attorneys, were on the brief for appellee.

Before: GRIFFITH and KAVANAUGH, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

GRIFFITH, *Circuit Judge*: Charles Shuler was shot in the back while working for the government as a confidential informant. He sues the United States for damages alleging

2

that it negligently put him in harm's way and failed to protect him after promising to do so. The question in this appeal is whether Shuler's claim is the kind for which Congress has waived the government's sovereign immunity under the Federal Tort Claims Act ("FTCA"). We conclude that it is not and affirm the district court's dismissal of Shuler's claim because the alleged government misconduct involved "discretionary functions" for which the FTCA preserves the government's immunity. *See* 28 U.S.C. § 2680(a).

**I.**

According to his complaint, in the winter of 1999 Shuler gave information to the FBI, gleaned from his work as a confidential informant in the District of Columbia, regarding the whereabouts of reputed drug-trafficking boss Kevin Gray. Shuler asked that Gray not be arrested immediately, fearing that such a move would blow his cover because he alone knew of Gray's whereabouts. The FBI nevertheless arrested Gray immediately after receiving Shuler's information.

In the days following Gray's arrest, the FBI ordered Shuler to continue to investigate the drug activities of Gray's group. Worried about his safety, Shuler initially refused, but after an FBI agent assured him that the FBI would protect him, he relented and attempted to arrange illegal drug deals with members of Gray's group. On December 15, 1999, two weeks after Gray's arrest, Shuler's fears were confirmed. He was shot in the back, leaving him permanently paralyzed. Shuler believes that the FBI's hasty arrest blew his cover and led Gray to order his murder.

In December 2001, Shuler filed an administrative claim for damages, which the Department of Justice denied. Shuler then filed suit in the United States District Court for the

3

District of Columbia asserting jurisdiction under the FTCA. 28 U.S.C. § 1346(b)(1). The government moved to dismiss the case for lack of subject matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), arguing that Shuler's claim falls within the "discretionary function" exception to the FTCA, 28 U.S.C. § 2680(a). The district court agreed; it dismissed Shuler's claim and subsequently denied his motion to alter or amend the judgment.

Shuler appeals both the dismissal of his complaint and the denial of his motion to alter or amend the judgment, and we have jurisdiction under 28 U.S.C. § 1291. Our review is limited to the district court's conclusion that it lacked subject matter jurisdiction, a legal issue that we review de novo. *Loughlin v. United States*, 393 F.3d 155, 162 (D.C. Cir. 2004). Shuler bears the burden of demonstrating subject matter jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007).

**II.**

"The United States is protected from unconsented suit under the ancient common law doctrine of sovereign immunity." *Gray v. Bell*, 712 F.2d 490, 506 (D.C. Cir. 1983). However, in 1946, "after nearly thirty years of congressional consideration," and in response to "a feeling that the Government should assume the obligation to pay damages for the misfeasance of employees in carrying out its work," Congress enacted the FTCA. *Dalehite v. United States*, 346 U.S. 15, 24 (1953). The FTCA waives the government's sovereign immunity for suits against the United States

> for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

4

>Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

This authorization of suit is subject to several exceptions. Relevant to our case is the so-called discretionary function exception, which "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). The United States is immune from suit for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The Supreme Court has provided a two-part test to determine "whether the discretionary function exception bars a suit against the Government." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). First, we ask whether a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Id.* If so, "the employee has no rightful option but to adhere to the directive," *id.*, and "[f]ailure to abide by such [a] directive[] opens the United States to suit under the FTCA," *Loughlin*, 393 F.3d at 163. After all, if there is no element of judgment or choice involved in the employee's conduct, there is "no discretion . . . for the discretionary function exception to protect." *Berkovitz*, 486 U.S. at 536. Second, because the Supreme Court has stated that the discretionary function exception

5

"protects only government actions and decisions based on considerations of public policy," *id.* at 537, even if the challenged conduct does involve an element of discretion we must also look to whether "the action challenged in the case involves the permissible exercise of policy judgment," *id.*; *see also Varig Airlines*, 467 U.S. at 814 (explaining that Congress enacted the discretionary function exception to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort").

**III.**

Shuler seeks to bring a negligence claim for damages against the United States. He alleges that the government owed him a duty of care to conceal his identity as an informant and to protect him; that it breached this duty by arresting Gray at a time that blew his cover and by failing to protect him from the harm that followed; and that these actions were the proximate cause of an injury for which he is due substantial damages. Under the FTCA, the district court has subject matter jurisdiction to consider the merits of Shuler's claim only if his complaint sets forth facts sufficient to demonstrate either that the government employee whose conduct caused him harm violated a specifically prescribed policy, or that the employee's harmful conduct was not within the sphere of discretion lawfully given him to exercise judgment about how best to achieve legitimate policy objectives. *See Ignatiev v. United States*, 238 F.3d 464, 466–67 (D.C. Cir. 2001). Shuler's complaint fails to meet this standard.

Shuler does not identify any "federal statute, regulation, or policy specifically prescrib[ing] a course of action" regarding the timing of apprehension of criminal suspects.

6

*Berkovitz*, 486 U.S. at 536. Neither does he argue that the government's decision to apprehend Gray at the time it did was anything other than an exercise of its lawful discretion to decide when best to arrest a dangerous criminal suspect. Instead, Shuler focuses on the government's failure to protect him, and for good reason. We think it plain that the government's decision to arrest Gray at the time it did falls within the discretionary function exception. Decisions regarding the timing of arrests are the kind of discretionary government decisions, rife with considerations of public policy, that Congress did not want the judiciary " 'second-guessing.' " *Varig Airlines*, 467 U.S. at 814; *see Gray*, 712 F.2d at 514 ("The federal government's decisions concerning enforcement of its criminal statutes comprise a part of its pursuit of national policy.") (internal quotation marks omitted).

With regard to the government's alleged failure to protect him after taking actions that disclosed his identity, Shuler again fails to point to any specifically prescribed government policy and fails to show that the decision whether and how to protect a confidential informant is outside the sound discretion of government officials. Shuler may have an argument that the United States owed him a duty of care as a confidential informant, *see McIntyre v. United States*, 367 F.3d 38, 54 (1st Cir. 2004); *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982); *Leonhard v. United States*, 633 F.2d 599, 614 (2d Cir. 1980), but we may consider that argument only if the FTCA grants the district court jurisdiction over his claim, and Shuler has failed to show us that it does. As other circuits have recognized, the government has discretion to provide informants protection in the way it sees fit, taking into account the relevant public policies at stake within the particular circumstances of the case. *See Ochran v. United States*, 117 F.3d 495, 501 (11th Cir. 1997) (holding that an

7

Assistant U.S. Attorney's decision as to how to protect an informant that had been threatened by a suspected offender involved considerations of public policy because the attorney "would be expected to balance the victim's need for protection . . . , the allocation of limited government resources, and the government's dealings with the suspected offender, such as a plea negotiation or cooperation of the suspected offender with law enforcement agencies"); *Piechowicz v. United States*, 885 F.2d 1207, 1213 (4th Cir. 1989) (holding that the government's decision not to protect a witness, even after the witness had received a threat, was discretionary conduct that "depended on considerations of public policy"); *Bergmann v. United States*, 689 F.2d 789, 793 (8th Cir. 1982) ("Whether or not the witness or his family is in danger is a judgment clearly committed to the discretion of the Attorney General. . . . Determining whether protection of the witness is advantageous to the federal interest rather obviously calls for a policy decision of the discretionary nature.").

In other words, the duty of protection that Shuler alleges the government owed him was a discretionary duty, for which the discretionary function exception preserves the government's immunity from suit. Shuler alleges that the government abused its discretion in this case by not protecting him at all. But where, as here, the government conduct involves discretion and considerations of public policy, the discretionary function exception immunizes even government abuses of discretion. 28 U.S.C. § 2680(a) (excepting from federal court jurisdiction under the FTCA claims based on government exercise of a discretionary function, "*whether or not* the discretion involved be abused") (emphasis added); *see also United States v. Gaubert*, 499 U.S. 315, 325 (1991) ("The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or

8

regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.").

Shuler's final argument in support of the district court's jurisdiction under the FTCA relies on dicta in a footnote in the Eleventh Circuit's opinion in *Ochran v. United States*, 117 F.3d at 506 n.7. In that case, the court rejected the plaintiff's argument that the government's promise to protect an informant creates a duty, the breach of which may be challenged under the FTCA. The court explained that even after promising to protect an informant, the decision of how to offer its protection "involves discretion grounded in public policy considerations" and therefore falls within the discretionary function exception. *Id.* at 506. In a footnote, however, the court opined that had the dealings between the Assistant U.S. attorney and the informant involved voluntary assumption by the United States of a "specific duty that involved no policy judgments," the result might be different. *Id.* at 506 n.7. For example, if the government promised to "station U.S. Marshals at [the informant's] door, but then failed to do so because [it] negligently misplaced the paper work [sic] and forgot about it," the negligence might be actionable under the FTCA. *Id.*

The district court in our case rejected Shuler's argument that his claim fell outside the discretionary function exception because the government voluntarily undertook to protect him. The court explained that Shuler's "generalized allegation of a promise to provide protection does not fit within the narrow exception the *Ochran* court contemplated." *Shuler v. United States*, No. 05-2207, mem. op. at 11 (D.D.C. Aug. 21, 2006); *see also id.* at 11–12 (stating that "[a]bsent any claim of an explicit promise to provide a specific type of protection, the defendant's protective services constitute a discretionary function under the FTCA"). Because Shuler alleged only that

9

government agents repeatedly promised to protect him, and did not allege an explicit promise of a specific type of protection, we agree with the district court's conclusion. Moreover, we, like the district court, reject Shuler's contention that he should be allowed to conduct discovery on the issue of whether government agents made any explicit promises of protection. The district court dismissed Shuler's case not because he failed to proffer adequate evidence, but because his allegations, even if true, are insufficient to demonstrate subject matter jurisdiction under the FTCA.

Nonetheless, because our court has not addressed the issue raised in the *Ochran* footnote, we think it helpful to explain the scope of the discretionary function exception in this context. In light of the purpose of the exception — to "protect[] against unwarranted judicial intrusion into areas of governmental operations and policymaking," *Gray*, 712 F.2d at 506 — we note that negligent acts that contradict an explicit promise to provide a specific type of protection may be actionable under the FTCA only to the extent that they are devoid of considerations of public policy. In other words, a government agent does not abandon his discretion by promising to protect an informant or witness in a specific manner. The agent's promise does not become a specifically prescribed government policy to which "the employee has no rightful option but to adhere." *Berkovitz*, 486 U.S. at 536. Rather, the government agent retains the discretion to choose not to protect the individual or to protect him in a different manner — even after promising to do so in a specific way — should policy considerations so dictate, without subjecting the United States to potential liability under the FTCA. *See Red Lake Band of Chippewa Indians v. United States*, 800 F.2d 1187, 1196 (D.C. Cir. 1986) ("The discretionary function exception shields the government from liability for those decisions which involve a measure of policy judgment, and

10

immunizes as well the execution of such decisions in specific instances by subordinates, even those at the operational level, if they must exercise such judgment too."). Otherwise, the discretionary function exception would fail to serve its purpose of keeping the judiciary out of the business of reviewing policy judgments by government employees. *See Gray*, 712 F.2d at 511 (explaining that sovereign immunity serves to prevent courts "from reviewing or judging the propriety of the policymaking acts of coordinate branches" and from subjecting the sovereign to liability "where doing so would inhibit vigorous decisionmaking by government policymakers"). We emphasize in this setting what we have stated before: "[t]he [discretionary function] exception always insulates a 'permissible exercise of policy judgment.' " *Ignatiev v. United States*, 238 F.3d 464, 466 (D.C. Cir. 2001) (quoting *Berkovitz*, 486 U.S. at 37).

**IV.**

By means of the discretionary function exception, Congress has shielded certain government conduct from suit and retained a measure of the federal government's "exceptional freedom from legal responsibility." *Keifer & Keifer v. Reconstruction Fin. Corp.*, 306 U.S. 381, 388 (1939). Some negligent acts may go unrecompensed. It is not for us to say, however, whether the government was negligent in this case, as Congress has not placed this matter within the jurisdiction of the federal courts. The government's decision to arrest Gray when it did and its decisions regarding the protection of Shuler involved considerations of public policy that we have no power to second-guess. The government's actions fall within the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), and we therefore affirm the district court's grant of the defendant's motion to dismiss for

11

lack of subject matter jurisdiction, as well as its denial of the plaintiff's motion to alter or amend the judgment.

*So ordered.*